## BOOKER TOBACCO CO. v. WALLER.

No. 2397. Opinion Filed March 11, 1913.

Rehearing Denied April 22, 1913.

(131 Pac. 537.)

1. **APPEAL AND ERROR—Review—Amendments—Discretion of Court.** To permit amendments when not changing the cause of action rests within the sound discretion of the trial court and will not be disturbed on appeal unless it affirmatively appears that its exercise has operated to the prejudice of the rights of the complaining party.

2. **TRIAL—Directing Verdict.** It is only when the evidence, with all the inferences the jury could justifiably draw from it, will be insufficient to support a verdict for plaintiff that the court is authorized to direct a verdict for defendant; and, unless the conclusion follows, as matter of law, that no recovery can be had upon any view that can be properly taken of the facts which the evidence tends to establish, the case should be left to the jury under proper instructions.

(Syllabus by the Court.)

*Error from County Court, Canadian County;*
*H. L. Fogg, Judge.*

Action by N. L. Waller against the Booker Tobacco Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. M. Wallace,* for plaintiff in error.

*W. A. Maurer* and *H. L. Fogg,* for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, upon a contract of employment. The plaintiff alleged that, by the terms of the contract, he was employed by the defendant as a traveling salesman for the period of one year at a specified salary and expenses, and that without cause he was discharged before the expiration of that time. The defendant contended that, by the terms of the contract, the employment was to be from month to month, and that it had the right to discharge the plaintiff at will or whenever his services proved unsatisfactory. Upon the trial to a jury, there was a verdict for the plaintiff upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The first assignment of error is predicated upon the action of the court in permitting the plaintiff to amend his petition. The contention is that, after the parties had rested, the plaintiff was permitted to amend his petition by interlineation to the effect that the oral contract of employment set up by the plaintiff had been afterwards confirmed in writing. This was to obviate some objection raised by counsel as to whether the contract was governed by section 1089, Comp. Laws 1909 (Rev. Laws 1910, sec. 941), which provides that:

"An agreement, that, by its terms, is not to be performed within a year from the making thereof, is void."

We do not think that this was reversible error. In *Harris v. Palmer,* 25 Okla. 770, 108 Pac. 385, it was held:

"The order of proof is largely a matter of discretion with the trial court, and hence evidence which is properly a part of plaintiff's case in chief may be permitted to be introduced out of its regular order, or the court, in the exercise of a sound discretion, may reopen the case for the introduction of relevant and material evidence, after both parties have rested; and, in

the absence of a showing of surprise or prejudice or an abuse of discretion, such action will not be subject to reversal."

In *Alcorn v. Dennis,* 25 Okla. 135, 105 Pac. 1012, it was held:

"To permit amendments when not changing the cause of action rests within the sound discretion of the trial court, and will not be disturbed on appeal unless it affirmatively appears that its exercise has operated to the prejudice of the rights of the complaining party."

Moreover, in our judgment the contract between the parties was to be performed within one year, and therefore not affected by statute of frauds. The plaintiff's testimony was to the effect that he was employed upon the 10th day of March, 1909, for a period of one year from that date, and that he was discharged on the 16th day of October of the same year without cause, and that, although he made diligent effort to secure other employment, he was unable to do so. That he had been paid in full up to the date of his discharge, except the sum of $20, which was due him for his last month's expenses.

The evidence being sufficient to support the verdict of the jury, it follows that the defendant was not entitled to a directed verdict.

"It is only when the evidence, with all the inferences the jury could justifiably draw from it, will be insufficient to support a verdict for plaintiff, if a verdict in his favor is returned, that the court is authorized to direct a verdict for defendant; and, unless the conclusion follows, as a matter of law, that no recovery can be had upon any view that can be properly taken of the facts which the evidence tends to establish, the case should be left to the jury under proper instructions." (*Fidelity Mut. Life Ins. Co. v. Stegall et al.,* 27 Okla. 151, 111 Pac. 389.)

Counsel for defendant in error admits that all of the judgment above the sum of $600 is excessive and offers to file a *remittitur* for all in excess of that sum. As the evidence

is sufficient to support a verdict for $600, upon doing so, the judgment will be affirmed.

Finding no error in the record, the judgment of the court below, as thus modified, is affirmed.

HAYES, C. J., and TURNER, J., concur; WILLIAMS and DUNN, JJ., absent and not participating.