**KINNEY et al. v. GROOMS.**

No. 7155—Opinion Filed March 6, 1917.

(163 Pac. 531.)

(Syllabus by the Court.)

1. **Trial—Question of Fact—Direction of Verdict.**

It is only when the evidence, with all the inferences the jury could reasonably draw therefrom, will be insufficient to support a verdict for plaintiff, that the court is authorized to direct a verdict for defendant, and

unless the evidence is such that no recovery can be had upon any view that can be properly taken of the facts, as presented by the evidence, the case should be left to the jury under proper instructions.

**2. Master and Servant—Action for Services —Sufficiency of Evidence.**

Evidence examined, and held to reasonably sustain the verdict of the jury.

Error from County Court, Kiowa County; J. S. Carpenter, Judge.

Action by Delia Grooms against J. L. Kinney and Mrs. R. Kinney. Judgment for plaintiff, and defendants bring error. Affirmed.

O. B. Riegel, for plaintiffs in error.

Rakestraw & Fry, for defendant in error.

HARDY, J. Delia Grooms brought this action against J. L. Kinney and R. Kinney, to recover a balance alleged to be due for services rendered in the performance of house work and other labor in and about the hotel of defendants. The parties will be designated in accordance with their respective titles in the trial court. After issue joined the case was tried to a jury, which returned a verdict in plaintiff's favor against both defendants for $189.26, and defendants prosecute error.

The only grounds urged for reversal of the case are that the verdict and judgment against defendant J. L. Kinney is contrary to law and not sustained by the pleadings or evidence. At the close of the plaintiff's case defendants demurred to the evidence, and upon the court indicating an opinion that said demurrer ought to be sustained as to defendant J. L. Kinney, plaintiff took leave to reopen her case, and offer further proof, at the close of which said demurrer was overruled, whereupon defendants offered their evidence, and at the close of the trial defendant J. L. Kinney moved the court to instruct a verdict in his favor, which motion was overruled.

There is no question as to the sufficiency of the evidence to authorize a verdict against defendant R. Kinney; the position of plaintiffs in error being that the evidence fails to show any agreement between plaintiff and defendant J. L. Kinney. Plaintiff's testimony was to the effect that she made a contract with defendant R. Kinney and performed certain services in and about the hotel, for which she was to receive compensation at a certain rate; that J. L. Kinney and R. Kinney were husband and wife,

and that he was in and about the hotel during a large portion of the time the services were performed by her; and that they were running the hotel together as far as she knew. Aside from the other evidence offered by the defense, defendant J. L. Kinney testified that, previous to the time his wife engaged in the hotel business, he and his wife lived on a farm a short distance from the town where the hotel was located; that they sold some cattle, which had been kept on the farm and fed by them jointly and that his wife took the money and bought a hotel, known as the Park Hotel, in which a part of the services rendered by plaintiff were performed; that it was not his money. He states that his wife owned and managed the hotel, but says in one place that "we bought the Park Hotel, and I stayed there part of the time, and I stayed on the farm part of the time"; that when in town at the hotel he would sweep out the office and work around the hotel like any other person.

The foregoing evidence was sufficient to authorize the court to submit to the jury the question as to whether defendant J. L. Kinney was liable for such services. It is only when the evidence, with all the inferences the jury could reasonably draw therefrom, would be insufficient to support a verdict for plaintiff, so that, if such a verdict be returned, it would be the duty of the court to set it aside, that a verdict should be ordered for the defendant, and when this is the condition of the evidence, the court may direct a verdict for the defendant. Kentucky Ref. Co. v. Purcell Cotton Seed Oil Mills, 13 Okla. 220, 73 Pac. 945; Fidelity Mut. Life Ins. Co. v. Stegall, 27 Okla. 151, 111 Pac. 389; Booker Tob. Co. v. Waller, 38 Okla. 47, 131 Pac. 537; Abbott et al. v. Dingus, 44 Okla. 567, 145 Pac. 365. It was not necessary, in order for defendant J. L. Kinney to be liable to plaintiff for the services rendered by her, that the contract be personally made with him, if in fact he and his wife were jointly interested in the conduct and management of the hotel. The money with which the Park Hotel was purchased was derived from the sale of cattle raised and fed by them together, and his presence in and about the hotel, together with the circumstances in evidence, was sufficient to warrant the jury in finding that he had an interest therein, and in the conduct and management thereof.

The judgment is affirmed.

All the Justices concur.