**KRAMER, Gdn., v. NICHOLS-CHANDLER HOME BUILDING & BROKERAGE CO. et al.**

No. 11666—Opinion Filed Oct. 9, 1923.

Rehearing Denied Nov. 20, 1923.

**1. Trial—Motion for Directed Verdict—Effect.**

Where the evidence is conflicting, and the court is asked to direct a verdict, the evidence favorable to the moving party must be eliminated from consideration and wholly disregarded, leaving for consideration only that evidence favorable to the party against whom the motion is leveled.

**2. Same—Negligence — Action for Personal Injuries.**

The court may not direct a verdict in a personal injury suit for damages where negligence is alleged, if there is any evidence reasonably tending to prove the negligence alleged and the resulting injury.

**3. Same—Right to Directed Verdict.**

It is only when the evidence, with all the inferences the jury could reasonably draw therefrom, will be insufficient to support a verdict for the plaintiff that the court is authorized to direct a verdict for the defendant.

**4. Master and Servant — Action Against Master for Injuries Caused by Servant —Imputed Negligence—Evidence.**

When the plaintiff has suffered injury from the negligent management of an automobile, it is sufficient prima facie evidence that the negligence was imputable to a defendant to show that he was the owner of the automobile and that it was, at the time of the accident, being driven by an employe of such defendant, without proving affirmatively that such driver was at the time engaged in some business or on some mission in connection with the business of the employer, or acting within the scope of his authority.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Victor Kramer against Nichols-Chandler Home Building & Brokerage Company and W. D. Palmer. Judgment for Nichols-Chandler Home Building & Brokerage Company, and plaintiff appeals. Reversed.

Hayson & Lukenbill and W. P. Kelly, for plaintiff in error.

Everest, Vaught & Brewer, for defendants in error.

Opinion by RAY, C. This action is to recover for personal injuries suffered in a collision between a motorcycle driven by the plaintiff and an automobile driven by the defendant W. D. Palmer, alleged to have been caused by the negligence of the driver of the automobile. The defendant Nichols-Chandler Home Building & Brokerage Company, a corporation, was the owner of the automobile and the employer of Palmer. It is alleged that Palmer was at the time engaged in some business connected with the performance of his duties in connection with his employment, and his negligence is imputed to the defendant corporation. The court instructed the jury to return a verdict for the defendant corporation, and from the judgment rendered on the instructed verdict, the plaintiff appeals.

The defendant company, by its answer, admits the accident, and that plaintiff was injured, but denies that Palmer was at the time in its employ or engaged in any business connected with the company, but says that Palmer took the automobile without its knowledge or consent, and was driving the car on some mission of business or pleasure of his own, denies any negligence on the part of Palmer, and says the accident was caused by the negligence of the plaintiff without any fault on the part of Palmer, the driver of the automobile.

It seems to be the settled rule in this state that the trial court should not direct a verdict where it is necessary to weigh the evidence to determine where the preponderance lies (Oklahoma Automobile Co. v. Goulding, 73 Oklahoma, 176 Pac. 400): that where the evidence is conflicting and the court is asked to direct a verdict, the evidence favorable to the moving party must be eliminated from consideration and wholly disregarded, leaving for consideration only that evidence favorable to the parties against whom the motion is leveled (Kelly v. Hamilton, 78 Okla. 179, 189 Pac. 535); that the court may not direct a verdict in a personal injury suit for damages where negligence is alleged, if there is any evidence reasonably tending to prove the negligence alleged and the resulting injury (Ferris v. Jones, 75 Okla. 154, 189 Pac. 527); that when the defendant asks for an instructed verdict the evidence must be considered in its aspects most favorable to the plaintiff's contention (Gregory v. Harper et al., 51 Okla. 419, 152 Pac. 70); that it is only when the evidence with all the inferences the jury could reasonably draw therefrom will be insufficient to support a verdict for the plaintiff that the court is authorized to direct a verdict for the defendant (Kenney v. Grooms, 63 Okla. 164,

163 Pac. 531). It is conceded that the defendant corporation owned the automobile driven by the defendant Palmer. Plaintiff's evidence, if uncontroverted, would establish the negligence of Palmer.

The evidence favorable to plaintiff is that Palmer was regularly employed as foreman and timekeeper by the defendant corporation in the construction of houses; that about 5:30 on the evening of the accident, G. A. Nichols, one of the partners, and directing head of the business, directed Palmer to take the automobile, a six cylinder Overland, from his house at the corner of 18th street and Hudson avenue, Oklahoma City, where it was kept, to a repair shop for repairs. Palmer towed the car behind the Ford he was driving and O. A. Mills guided it. The accident occurred about 8 or 9 o'clock, June 28, 1918, at the intersection of 14th and Ellison streets in Oklahoma City.

This is the evidence on which plaintiff relied for a verdict against the defendant corporation. The evidence as to the negligence of the defendant Palmer was sufficient to go to the jury as to the defendant Palmer. Was the evidence sufficient to go to the jury as to the defendant corporation? The defendant corporation offered evidence to show that Palmer was employed during the ordinary working hours only, and that the automobile had refused to run and was sent to the repair shop by Nichols for such repairs as he thought would require one or two days time; that he did not intend for Palmer to use the car for any purpose but to deliver same to the repair shop; that it was soon repaired, and Palmer, without the knowledge or consent of Nichols, took a number of parties in the car and went on what has been referred to as a "joy ride", and not on any business connected with that of the defendant corporation. But we think under the former holdings of this court above quoted, such evidence cannot be considered for the purpose of determining whether or not the court erred in directing a verdict. Counsel for defendants in error have cited a great number of cases to the effect that the owner of an automobile is not liable for injuries caused by the negligence of a person in his employment while using the car for such person's own business or pleasure and not upon any business of the owner. Were we weighing the evidence to determine on which side the preponderance lies, these authorities would be applicable. The question here is, Did the plaintiff adduce sufficient evidence, if uncontroverted, as would sustain a judgment against the defendant corporation? It was held in Boling v. Asbridge. 84 Okla. 280, 203 Pac. 894:

"When the plaintiff in an action seeks to charge the owner of an automobile with liability for an injury inflicted by the car while it was being operated by another, the burden is on the plaintiff not only to show that his injury was the proximate result of the negligence of the operator, but also that such person was the servant or agent of the defendant, and was at the time of such negligence acting within the scope of his employment."

But it was also said in the same cause:

"When the plaintiff has suffered injury from the negligent management of an automobile, it is sufficient prima facie evidence that the negligence was imputable to the defendant to show that he was the owner of the car without proving affirmatively that the person in charge was the defendant's servant."

In this case the injury is conceded. It is also conceded that it was caused by the collision of the motorcycle driven by the plaintiff, and the automobile owned by the defendant corporation, driven by one of its employes. The evidence is conflicting as to whose negligence caused the accident but there was sufficient evidence as to the negligence of the driver of the automobile to go to the jury and to sustain a verdict against the driver if such should be returned.

While no witness testified that the driver of the automobile was, at the time of the accident, acting within the scope of the employment, we think that when the plaintiff proved the injury suffered by reason of the collision of his motorcycle and the automobile owned by the defendant corporation, and adduced evidence that the negligent management of the automobile was the proximate cause of the accident, and the injury, sufficient to go to the jury, it was error for the court to instruct the jury to return a verdict for the defendant company.

The case is reversed and remanded, with directions to set aside judgment and grant a new trial.

By the Court: It is so ordered.