## BRISTOW v. LEAIRD.

No. 12708—Opinion Filed Jan. 22, 1924.

Rehearing Denied March 4, 1924.

**1 Appeal and Error — Motion to Direct Verdict—Effect.**

Where the evidence is conflicting, and the court is asked to direct a verdict, the evidence favorable to the moving party must be eliminated from consideration and wholly disregarded, leaving for consideration only that evidence favorable to the party against whom the motion is leveled.

**2. Sufficiency of Evidence.**

Record examined, and held, there was evidence sufficient to sustain the verdict.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by Lucretia Leaird against F. E. Bristow. Judgment for plaintiff, and defendant appeals. Affirmed.

J. E. Bristow, for plaintiff in error.

J. R. Wood, for defendant in error.

Opinion by RAY, C. The only question for consideration, as presented by the record and brief of the plaintiff in error, is whether the court erred in refusing to instruct the jury to return a verdict for the defendant. It has been held by this court that where the evidence is conflicting, and the court is asked to direct a verdict, the evidence favorable to the moving party must be eliminated from consideration and wholly disregarded, leaving for consideration only that evidence favorable to the party against whom the motion is leveled, Kelly v. Hamilton, 78 Okla. 179, 189 Pac. 535; Kramer v. Nichols Chandler Home Building & Brokerage Co., 93 Okla. 227, 220 Pac. 338.

Lucretia Leaird and F. E. Bristow entered into a written contract by the terms of which Lucretia Leaird agreed to sell to Bristow a one-ninth interest in and to all the real estate of her father, J. D. Langford, then deceased, for a consideration of $3,500, and acknowledged receipt of $100 payment. In addition to the $100 paid Bristow agreed to assume $1,000 indebtedness and pay the balance when the deed was executed and delivered. Mrs. Leaird and her mother delivered to Bristow all the deeds they could find or knew anything about to aid him in preparing the deed for Mrs. Leaird and her husband to execute. From these deeds and public records Bristow prepared the deed and, a little more than 30 days after the contract was signed, Mrs. Leaird and her husband went to Bristow's office for the purpose of signing the deed, and then, with Bristow, went to the bank where they signed the deed and acknowledged it before a notary public, who was also in charge of the bank. According to their testimony, the deed was then left with the bank to be delivered to Bristow upon paying the balance due. About three weeks later they learned that Bristow had gotten possession of the deed and had it recorded. Upon Bristow's refusal to pay the balance Mrs. Leaird claimed to be due her, she brought this action on the contract and recovered judgment for $1,070. The deed which Mrs. Leaird executed and Bristow accepted and placed of record conveyed a one-ninth interest in and to more than 2,600 acres of land, consisting of about 50 legal subdivisions of from 10 to 160 acres scattered over six counties, and 45 town lots in three towns in as many counties. The deed recited the consideration of $3.500, the same as the contract. The deed contained this clause:

"Grantor herein further agrees for and in consideration of the consideration heretofore set out to convey unto said F. E. Bristow second party herein, by warranty deed all of her right, title and interest and equity in and to all lands wherever located in the state of Oklahoma, of which Tom Langford died, seized of, upon the presentation to her of a deed describing said lands and her interest therein."

Mrs. Leaird testified that she had no knowledge of the extent of her father's real estate holdings but that she furnished Bristow all the information she had, from which, and other information, Bristow had prepared the deed, and, that he had never prepared and submitted to her any other deed for her to sign. She had heard of some other property that her father probably owned but knew nothing about it.

The only contention is that she was not entitled to recover the balance due on the contract until she had deeded a one-ninth interest in and to all of her father's estate. It is clear from the record that Bristow thought at the time he prepared the deed that it described the entire estate. The deed recited the full consideration of $3,500. To make certain that he should acquire title to any of the property thereafter discovered, the clause was written in the deed by which she agreed to convey such property when discovered "upon the presentation to her of a deed describing said lands and her interest therein." No other deed had ever been presented for her execution.

The judgment should be affirmed.

By the Court: It is so ordered.