## PHILLIPS PETROLEUM CO. v. DALE.

No. 22531. Oct. 23, 1934.

Rehearing Denied Jan. 14, 1935.

H. C. Peyton, H. K. Hudson, R. H. Hud-

son, G. P. Cantrell, M. D. Kirk, R. L. Foster, E. L. Routh, and R. B. F. Hummer, for plaintiff in error.

Humphrey & Spence and Leo Considine, for defendant in error.

CULLISON, V. C. J. B. C. Dale, plaintiff, filed suit against the Phillips Petroleum Company, defendant, seeking to recover certain money alleged to be due as royalty payments for the use of a certain patent belonging to B. C. Dale. The record discloses that Dale patented a certain sand trap working barrel to be used in the pumping of oil wells. After the completion of said patented device, a number of said working barrels were manufactured by defendant in its shops and placed in oil wells belonging to defendant. Plaintiff further alleged that there was an agreement between plaintiff and agents of defendant that defendant would pay royalty to plaintiff for the use of said patented article, and that plaintiff orally granted permission to defendant to manufacture said articles in its shops.

The trial of said cause resulted in a judgment for plaintiff, from which judgment defendant appeals to this court and contends:

"The demurrer of Phillips Petroleum Company to plaintiff's evidence should have been sustained and the peremptory instructions requested by it should have been given for the following reasons:

"(1) The scope of authority of C. E. Klein was not proved to be broad enough to bind the defendant on the alleged contract.

"(2) No competent evidence was introduced by the plaintiff to show that C. E. Klein had authority to make the alleged contract on behalf of Phillips Petroleum Company, upon which the plaintiff relies.

"(3) The plaintiff by his conduct and laches was estopped to deny the shop right of the defendant Phillips Petroleum Company to use the invention free of royalty costs."

In the case of Federal Life Ins. Co. v. Firestone, 159 Okla. 228, 15 P. (2d) 141, this court announced the rule to be as follows, in determining whether or not a demurrer to the evidence should be sustained:

"In a law action a demurrer to the evidence, or motion for directed verdict, admits all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions that may reasonably and logically be drawn therefrom."

In our consideration of the contentions as raised by defendant, it will be necessary to carefully analyze the pleadings in said cause. Plaintiff based his suit upon an oral contract entered into between himself and C. E. Klein, alleged agent of the defendant. Defendant by its answer stated that plaintiff orally agreed with the agents of defendant that it should have the right and privilege of using and manufacturing, free of any payment of royalty or any other payments, the sand trap working barrel. Defendant admitted in its answer that C. E. Klein was one of its agents who entered into said oral contract. Plaintiff in his reply alleged that defendant agreed with plaintiff to pay a royalty for the use of said sand trap working barrel. Under the pleadings the question of agency was admitted and it is admitted there was an oral contract between the parties relative to the use of said patent.

The only controverted question was whether or not royalty payment was to be made, the plaintiff contending that royalty payments were to be made, and defendant contending that it was to have the use of said patent without the payment of royalty. The evidence on said controverted fact was conflicting, and was properly presented to the jury for its consideration, under the holding of this court in the case of Federal Life Ins. Co. v. Firestone, supra.

The contention of defendant that it had a shop right in the patent of plaintiff and was entitled to use the invention free of royalty costs, brought about a conflict of testimony on this point, and the conflicting views and evidence in support thereof were submitted to the jury under appropriate instructions, under which instructions the jury found in favor of plaintiff. There is competent evidence in the record substantiating the finding of the jury.

Defendant's final contention is that the court should have admitted testimony of Harold Miller, which was offered by defendant. Miller was presented as a witness in behalf of defendant, and attempted to testify that he was the owner of an interest in said patent because of certain information which he alleged he furnished plaintiff, the patent holder, in the preparation of said device, and by said testimony was attempting to show that he had an interest in the patent and as an interested party was raising no objection to the defendant using said patent free of royalty. If such was true he was a proper party in interest in said suit, but had not been made so by the pleadings. Said issue had been raised in no wise by the pleadings in said case, and the court sus-

tained plaintiff's objection to the introduction of said evidence.

Upon careful consideration of said evidence in connection with the issues in said case, we hold that the ruling of the court thereon was not error. The judgment of the trial court is affirmed.

RILEY, C. J., and McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.