## CARTER v. HAYNES.

No. 25829.   Oct. 8, 1935.

H. W. Sitton, for plaintiff in error.

Sullivan & Marmaduke, for defendant in error.

PER CURIAM.   This action was commenced in the justice of the peace court of Duncan, Stephens county, Okla., afterwards appealed to the district court, wherein a judgment was rendered upon the verdict of a jury for the plaintiff in the sum of $150, from which this appeal is taken.

The action is for breach of a lease contract executed by the defendant to the plaintiff dated the 16th day of January, 1931. The parties will be referred to as in the trial court.   The contract was in writing as of that date and purports to give the plaintiff occupation of certain farm lands for the year 1931.   The defendant, the testimony reveals, had some 100 pieces of property which he leased to tenants.   The land involved in this controversy was Indian restricted land and belonged to a minor under guardianship.

From the testimony it is developed that a controversy had arisen relative the 1931 lease, and it finally developed that the defendant did not obtain the governmental lease from the Department of the Interior or the guardian of the restricted Indian minor, and other parties claiming the lease filed a lawsuit against the plaintiff and obtained a temporary injunction preventing the plaintiff occupying the premises.   It is the theory of the plaintiff that he obtained the lease from the defendant under the date above mentioned for the premises involved in the controversy, and was entitled to the possession thereof for the year 1931, and for damages for the failure of the defendant to afford him his occupation of the land in question.

It is the theory of the defendant that plaintiff signed this lease after the controversy had arisen as to occupation under a governmental lease executed by the guardian and approved by the Department of Interior, granting the lease to the other parties at the suggestion of the defendant, and in order

to aid the plaintiff in obtaining and holding possession against said other parties. Subsequent to the execution of this lease another lease was executed by the guardian of the minor restricted Indian through the Department of the Interior to the plaintiff and the defendant jointly as lessees. No possession of the premises was taken or obtained under this lease. It is the contention of the defendant that the lease of January 16, 1931, was abandoned by operation of law, and also by agreement of the plaintiff and defendant to bring this lease in and cancel it. It is the further contention that the lease secured from the Department of Interior in March, 1931, created a cotenancy of the plaintiff and the defendant.

These questions were all submitted and duly presented to the trial court and passed on, after proper instructions, by the jury, and the verdict of the jury and the subsequent rendition of the judgment thereon are thoroughly supported by the evidence introduced at the trial. This court has repeatedly held that where a question of fact of damages is properly submitted to the jury upon instructions which reasonably present the issues on the trial of the cause, this court will not disturb the verdict of the jury and the judgment rendered thereon.

We therefore hold that the court did not err in refusing to sustain the demurrer to the evidence of the plaintiff or the motion for a directed verdict after all of the testimony was presented. Ward v. Coleman, 170 Okla. 201, 39 P. (2d) 113; Phillips Petroleum Corp. v. Dale, 170 Okla. 267, 39 P. (2d) 546; City of Edmond v. Billen, 170 Okla. 37, 38 P. (2d) 564.

It is contended that the court erred in not instructing the jury that the lease obtained from the agency in which the plaintiff and defendant appeared as lessees created a cotenancy.

In Equitable Life Assurance Society v. Weightman, 61 Okla. 106, 160 P. 629, we held:

"To the existence of a joint tenancy, it is conceded by all of the parties, and is the law, that four unities must exist in the tenants, viz.: (1) Unity of interest; (2) unity of title; (3) unity of time; and (4) unity of possession."

Under the evidence introduced in the trial of this cause, we are of the opinion that the court did not err in refusing to give the instruction of which the defendant complains. The cause was submitted upon competent evidence on behalf of the plaintiff that he was lessee under the date of January 16, 1935, and the defendant attempted to rebut this by competent evidence, in which proceedings he was permitted to introduce the lease from the Department of Interior under his theory of the case, and we are of the opinion that the instructions of the court relative to such evidence fully covered the issues between the parties.

Finding no error in the judgment of the court, the same is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur.