## STEWART v. BOWSER.

No. 25716.    Dec. 15, 1936.

C. G. Moore, for plaintiff in error.

Hardin Ballard, for defendant in error.

PER CURIAM. This action was instituted in the district court of McClain county by R. H. Bowser, hereinafter referred to as plaintiff, against R. S. Stewart, hereinafter referred to as defendant, for damages by reason of the defendant's alleged renouncement of an oral contract to purchase gasoline, for retail through his filling station, from the plaintiff. The plaintiff had a wholesale lease until June 23, 1932, with the Magnolia Petroleum Company for distribution of its products. The purported oral contract was entered into on or about January 3, 1932, whereby defendant agreed to purchase all petroleum products used in defendant's filling station from the plaintiff until termination of plaintiff's lease with the Magnolia Petroleum Company. Plaintiff claims that the defendant breached the same on January 4, 1932, when he openly renounced the contract. Thereafter, on or about January 6, 1932, the Magnolia Petroleum Company rescinded its lease agreement with the plaintiff.

The issues having been made and upon trial before a jury, a verdict was returned in favor of plaintiff and assessing plaintiff's damage in the sum of $400, that being the probable profits plaintiff would have made had defendant purchased gasoline from plaintiff during the entire term of the contract.

Defendant brings appeal to this court on assignment of five errors which may be considered as three propositions.

First. That the court erred in overruling defendant's demurrer, his motion for directed verdict and in refusing to give defendant's requested instruction for a directed verdict.

An examination of plaintiff's evidence shows it substantially supports his cause of action declared upon in his petition, and therefore the trial court did not err in overruling defendant's demurrer at the close of plaintiff's evidence, nor did the trial court err in overruling defendant's motion for a directed verdict at the close of all evidence, for it is the duty of the trial court when ruling on such a motion to disregard all evidence unfavorable to the party against whom the verdict is sought, as well as incompetent evidence, and concede to be true all evidence supporting the view of

the party against whom the motion is made, giving him the benefit of all legitimate inferences. When this has been done, unless no recovery can be had on any view of plaintiff's evidence, the case should be left to the jury. Ohio Fuel Co. v. McKain, 103 Okla. 121, 229 P. 414; Sartain v. Walker, 60 Okla. 258, 159 P. 1096; Kinney v. Grooms, 63 Okla. 164, 163 P. 531.

Nor can we agree with defendant that the trial court erred in refusing his requested instruction for a directed verdict, for as this court has heretofore stated in the case of Sartain v. Walker, supra:

"Peremptory instruction should only be given where all reasonable minds would draw the same conclusion and that such conclusion would be against material averments of plaintiff's petition. It is error to direct a verdict where there is a controverted question of fact before jury."

Second proposition is that the defendant complains that the trial court erred in admitting certain evidence on behalf of plaintiff over the objection of the defendant and then instructing the jury to disregard the same.

The evidence was upon the question of the damages the plaintiff suffered by the loss of his contract with the Magnolia Petroleum Company as regards the sale of products to other dealers in and around the town of Blanchard. Such evidence was admitted conditionally by the trial court, with the expression "admitted by the court for the present." The plaintiff failed to prove that the defendant was the cause of the Magnolia Petroleum Company rescinding its contract with the plaintiff, and therefore failed to qualify such as competent element of recoverable damages.. Therefore, the court withdrew such evidence from the jury by adequately instructing them not to consider such evidence for any purpose. Such an instruction cured the error of its admission. First National Bank of Lawton et al. v. Thompson, 41 Okla. 88, 137 P. 668.

However, the practice of admitting evidence before a jury conditional that subsequent evidence will qualify such evidence as competent is not commendable, for such evidence is likely to have its weight with the jury, notwithstanding the subsequent rejection thereof, or that it is withdrawn from consideration of the jury. The ruling upon the admissibility of evidence should be definite and made at the time the evidence is offered.

There is considerable conflict in the evidence as to whether or not the contract between plaintiff and defendant was breached by the defendant prior to the Magnolia Petroleum Company's cancellation of its wholesale contract with plaintiff. This court, in the case of Ohio Fuel Co. v. McKain, supra, held that "when there is conflict in the testimony, the matter is to be determined by the jury upon instructions given by the court." We find that there is competent evidence on the part of the plaintiff to the effect that the defendant, before the cancellation with the Magnolia Petroleum Company, expressly refused to comply with his alleged agreement to purchase products from plaintiff, and that the court adequately instructed the jury on its duty to determine from the evidence whether or not such breach had occurred. The trial court having thus instructed the jury, it then gave an instruction to the measure of damages, in the event they found for the plaintiff. It is the instruction as to the measure of damages that the defendant presents as his third proposition of error.

The measure of damages recoverable by plaintiff is the loss of profits he would otherwise have made had defendant not renounced the contract, and the fact that the plaintiff lost the wholesale agency subsequent to the breach of the contract by the defendant does not defeat the plaintiff's right to recover prospective profits for the entire period of time that the parties intended the agreement to be in existence at the time such agreement was made. We find the court so instructed the jury.

Finding no error, the judgment of the trial court is affirmed.

Plaintiff has asked for judgment on the supersedeas bond given by the defendant in taking the appeal. It appears that this bond was made in the sum of $1,000 with F. E. Casey, O. V. Baker, Joe Staggs, and Tom Dyer, as sureties thereon, and that said bond was duly filed and approved in the trial court, and a copy of same incorporated in the case-made.

It is, therefore, ordered, adjudged, and decreed that the plaintiff, defendant in error herein, R. H. Bowser, have judgment on the supersedeas bond, and against R. S. Stewart, as principal, and F. E. Casey, O. V. Baker, Joe Staggs, and Tom Dyer, and each of them, as sureties thereon, for the principal sum of $400, together with interest at the rate of 6 per cent. per annum from the 24th day of October, 1933, and for costs, for which let execution issue.

The Supreme Court acknowledges the aid of Attorneys Donald H. Waid, Charles B. Wilson, and C. S. Macdonald in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Donald H. Waid and approved by Mr. Charles B. Wilson and Mr. C. S. Macdonald, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, V. C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.