## KELLER v. TRACY et al.

No. 27986.　May 10, 1938.

Rehearing Denied Oct. 4, 1938.

Creekmore Wallace and Don Anderson, for plaintiff in error.

Robert W. Maupin, for defendants in error.

PER CURIAM. This is an action to obtain possession of an automobile and was begun by John C. Keller in a justice of the peace court and tried de novo in the common pleas court.

The evidence of plaintiff substantially shows that a person by the name of Taylor was about to lose his automobile because he was unable to pay for the same; that plaintiff bought the automobile and took it and used it about his work in the oil fields, when he had occasion to deliver the same to the said Taylor for the purpose of having Taylor do some work for the plaintiff in and about his oil business; that the plaintiff always kept the automobile at his home except at such times as the said Taylor was in use thereof as his agent; that the automobile was levied upon by John Tracy, one of the defendants, a constable, in a judgment against Taylor and sold to one of the remaining defendants.

At the conclusion of the testimony of the plaintiff, the court directed a verdict for the defendant, and after the motion for new trial was overruled, plaintiff prosecuted this appeal to reverse the judgment. It is urged that the plaintiff did not duly except to the ruling of the court. We think this contention cannot be sustained. The error in directing a verdict was an error of law occurring at the trial, excepted to by the plaintiff at the time, and the exception is in the record.

It is also contended that this case comes within the rule of retaining possession of personal property by the seller in fraud of creditor, as announced in our statute, section 10008, O. S. 1931, which is as follows:

"Every transfer of personal property other than a thing in action, and every lien thereon, other than a mortgage, when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or incumbrancers in good faith subsequent to the transfer."

When the testimony of plaintiff is reviewed, it will be seen that this is purely a question of fact to be submitted to the jury under proper instructions.

It is also contended that there is no evidence in the record that John Tracy or any of the defendants had possession of the automobile in question. We have carefully checked the record, and are of the opinion that this is a question of fact to be submitted under the evidence introduced in the case.

It is the duty of the trial court when ruling on a motion for a directed verdict to disregard all evidence unfavorable to the party against whom the verdict is sought as well as incompetent evidence supporting the view of the party against whom the motion is made, giving him the benefit of all legitimate inferences. When this has been done, unless no recovery can be had on any view of the plaintiff's evidence, the case should be submitted to the jury. The question presented on such a motion is whether, admitting the truth of all of the evidence which has been given in favor of the party against whom the action is contemplated, together with all such inferences and conclusions as may be reasonably drawn from it, there is enough evidence reasonably to sustain a verdict, should the jury find in accordance therewith. A motion for a directed verdict admits all facts fairly or reasonably inferable or deducible from the adverse party's evidence, and where there is a controverted question of material facts, it is error to direct a verdict. A motion for a directed verdict is equivalent to a submission to the court of all questions of fact upon which the verdict of the jury is not requested. The giving of a peremptory instruction for a verdict for one party to an action is, in effect, a withdrawal of all other instructions for both parties. Mitchell v. Fisher, 168 Okla. 145, 32 P.2d 37; Missouri State Life Ins. Co. v. Everett, 167 Okla. 350, 29 P.2d 575; T. S. Reed Grocery Co. v. Miller, 35 Okla. 134, 128 P. 271; Sand Springs Home v. Perin Engineering Co., 173 Okla. 142, 47 P.2d 142; Stewart v. Bowser, 178 Okla. 382, 62 P.2d 1195; Atlas Life Ins. Co. v. Holt, 178 Okla. 28, 61 P.2d 719; Opperud v. Twedell, 175 Okla. 191, 51 P.2d 799; Citizens' Bank of Millerton v. Beeson, 104 Okla. 293, 231 P. 844; Danciger v. Isaacs, 82 Okla. 263, 200 P. 164; Farmers' National Bank v. Vaughn, 89 Okla. 41, 213 P. 748; Phillips Petroleum Co. v. Dale, 170 Okla. 267, 39 P.2d 546; Powell v. Spence, 169 Okla. 63, 35 P.2d 925; Federal Life Ins. Co. v. Firestone, 159

Okla. 228, 15 P.2d 141; Terry v. Gravitt, 56 Okla. 769, 156 P. 633; Ohio Fuel Co. v. McKain, 103 Okla. 121, 229 P. 414; Sartain v. Walker, 60 Okla. 258, 159 P. 1096; Kinney v. Grooms, 63 Okla. 164, 163 P. 531.

Whether or not a court is justified in directing a verdict depends upon the state of the evidence at the time the action of the court is taken. Homeland Realty Co. v. Robinson, 39 Okla. 591, 136 P. 585.

The judgment of the trial court is reversed, with directions to vacate the judgment entered for the defendant and to grant a new trial.

BAYLESS, V. C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur.