Rose F. WISNER, a widow, and Warren G. Wisner and Nova Carlene Wisner, husband and wife, Plaintiffs in Error,

v.

The FIRST STATE BANK OF CACHE, Oklahoma, a corporation, Defendant in Error.

No. 42551.

Supreme Court of Oklahoma.

Dec. 8, 1970.

J. Winston Raburn, Lawton, for plaintiffs in error.

Russell G. Jones, Lawton, for defendant in error.

BERRY, Vice Chief Justice:

This is an appeal from a judgment in favor of the named bank, referred to as plaintiff, in an action for money judgment and foreclosure of mortgage liens. Plaintiff, successor in interest of the lending bank (First State Bank of Indiahoma), alleged four causes of action arising from defendants' default in payment of loans. Only that portion of the judgment involving causes of action for money judgment and foreclosure of mortgages, involved in the transaction discussed below, are involved in this appeal.

Defendants had been negotiating for purchase of town property in Indiahoma, and borrowed $200.00 earnest money payment from plaintiff, executing note therefor. Upon consummation of purchase defendant borrowed an additional $2,000.00 to pay sellers. June 4, 1960, defendant, joined by other defendants, executed note in amount of $2,968.00, secured by a mortgage upon

the realty and a chattel mortgage upon described livestock. Amount of the note sued upon resulted from the following items added into the note: $2,000.00 loan; $202.00 earnest money note; $40.00 fire insurance on the realty; $150.00, two reducing term life insurance policies covering lives of defendant and her son; $50.00 loan expense. The finalized transaction credited defendant with $2.00 interest on the earnest money note. The items enumerated totaled $2,440.00, to which the sum of $528.00 was added, the total payable $50.00 monthly for 35 months and remaining balance discharged by final payment.

The petition alleged four causes of action, although only two causes seeking money judgment and foreclosure of mortgages are to be considered. Defendants admitted execution of the note and mortgages, but alleged 8%, or $367.72, was the maximum interest which could be charged, whereas $718.00 had been charged as interest. Defendant alleged $1,532.00 was required to discharge the obligation and, having paid $2,011.50 defendant should be discharged. The cross-petition alleged, because of usury involved, defendant was entitled to recover the amount paid ($469.50) in excess of the sum required to discharge the note and mortgages.

After trial of the issues the court entered judgment in plaintiff's favor for balance due ($1,518.50), determined priority of mortgage liens and ordered foreclosure sale of mortgage security in satisfaction of judgment.

Defendants' appeal from this judgment is based upon three propositions, each of which arises from the claim usury was involved in the described transaction. At this point it should be noted, although the note specified 10% interest, evidence of both parties showed only 8% interest was to be charged.

Defendant first contends by reason of Constitution, Art. XIV, Section 2, and the statute, 15 O.S.1961, § 266, where parties contract for interest to be charged above the 6% legal rate but less than the 10%

maximum rate, interest charged above the contract rate constitutes usury. However, defendants acknowledge absence of decisional law declaring any interest charge less than the maximum rate to be usurious.

■ Possibly some discrepancy in thinking results from interchangeable use of the terms "legal rate" and "maximum rate" in prior decisions. Legal rate of interest may not exceed 6% per annum in absence of contract. The contract rate of interest may be agreed upon by the parties at *any rate which does not exceed the 10% maximum* contract rate specified. The most recent expression concerning the test to be applied for determining existence of usury appears in Hollamon v. First State Bank of Stroud, Okl., 389 P.2d 352. In that case at p. 355, we said:

> "We can only conclude that where the principal of a loan and interest thereon are payable in installments at specified intervals within the full loan period, and interest is computed in such a manner that allowance had not been made for the reduction of the principal by reason of the installment payments, if such interest exceed the *maximum contract rate* of interest computed on the balance of the principal after each of the installments are paid, such plan is usurious." (emphasis supplied)

Difficulty in application of the test for determining existence of usury results from conflict between the parties as to exact amount of the loan. Plaintiff urges $2,440.00 actually was disbursed, which included charges for fire and life insurance and loan expense, which would have permitted a maximum interest charge of $560.49 upon this loan for 35 monthly payments and balance ($1,218.00) discharged by final 36th payment. Thus, since interest charged ($528.00) was less than the maximum charge allowable the contract was not usurious.

Defendants claim of usury is derived from calculations upon $2,200.00 as amount of this loan, upon which plaintiff added

three years interest based upon an 8% interest charge, without reduction for periodic payments. Plaintiff's evidence showed the parties' agreed interest was not to be charged for insurance and loan expense, but only upon the principal loan. The evidence further showed the maximum interest chargeable at 8% for 35 months with balance payable on 36th monthly installment would amount to $367.71, and $476.92 if calculated at 10% interest for this same period.

In Tobin v. Holmboe, 172 Okl. 546, 45 P.2d 716, 719, appears the following:

"It is the general rule in this jurisdiction, established by many previous decisions of this court, that, in determining whether or not a contract is usurious, the interest to be paid under the terms of the loan should be computed for the entire period of the loan. If the interest thus computed does not exceed the maximum legal rate of 10 per cent. per annum, the contract is not usurious. See Covington v. Fisher, supra [22 Okl. 207, 97 P. 615]; Garland et al. v. Union Trust Co. et al., 63 Okl. 243, 165 P. 197, 200; Conservative Loan Co. v. Whittington et al., 120 Okl. 137, 250 P. 485; Clement Mortgage Co. v. Johnston, 83 Okl. 153, 201 P. 247; Metz et al. v. Winne, 15 Okl. 1, 79 P. 223; Mitchell v. Fisher, supra [168 Okl. 145, 32 P.2d 37]."

Measured by this rule the note sued upon was usurious, since the amount of interest reserved in the note exceeded the maximum legal rate of interest which could have been charged upon the principal balance loaned.

The judgment is reversed and the cause remanded to the trial court with directions to render judgment for defendants, as provided by 15 O.S.1961, § 267, as set-off against the judgment entered for plaintiff, and for allowance of $400.00 attorney's fee.

IRWIN, C. J., and WILLIAMS, BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.

JACKSON, J., concurs in result.