KENTUCKY REFINING COMPANY v. PURCELL COTTON SEED OIL MILLS.

(Filed September 10, 1903.)

VERDICT—Evidence Insufficient to Sustain. When the evidence given at the trial, with all the inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant; while, on the other hand, the case should be left to the jury unless the conclusion follows, as matter of law, that no recovery can be had upon any view which can be properly taken of the facts which the evidence tends to establish.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before
． . C. F. Irwin, Trial Judge.*

*J. W. Hocker,* for plaintiff in error.

*J. F. Sharp,* for defendant in error.

Opinion of the court by

HAINER, J.:　This is an action brought by the plaintiff
in error, plaintiff in the court below, to recover damages for
the alleged breach of a contract for the sale of oil, which the
plaintiff in error purchased from the defendant in error.

The plaintiff alleges in its petition that on the
4th day of August, 1899, it purchased from the
defendant twelve thousand, five hundred gallons of
crude cotton seed oil, to be delivered during the month ·
of September, 1899, in tank cars at Purcell, Indian
Territory, to be paid for on delivery of the oil, which con-
tract of purchase and sale is evidenced by written correspond-
ence, which is attached to and made a part of the petition.

The plaintiff alleged that it had fully performed all the
conditions of said contract, and was at all times ready and
willing to accept and pay for said oil as soon as the same was
delivered; but that the defendant had wholly failed, neglected
and refused to comply with the terms of said contract, on ac-
count of which the plaintiff sustained damages in the sum of
$1,625.00.

The defendant filed an answer, in which it admitted the
execution of the contract, as alleged in the plaintiff's petition,
and as a defense to said action alleged that the plaintiff had
failed and neglected to furnish cars in which to place the oil
during the month of September, and thereby the defendant

was released from compliance with its contract. The defendant further alleged that the plaintiff had not sustained any damages by reason of the non-delivery of said oil.

The cause was submitted to a jury, and when the plaintiff had concluded its evidence, the defendant filed and interposed a demurrer to the evidence, on the ground that no cause of action had been proven. The court sustained the demurrer, to which ruling the plaintiff excepted, and, as plaintiff in error, brings the case to this court for review.

The only question for our consideration at this time is whether the demurrer to the evidence was properly sustained by the trial court.

The execution of the contract having been admitted, the only controverted questions to be submitted to the jury were: (1) whether there was a breach of the contract of sale, and (2) if there was a breach of the contract, what damages were sustained by the plaintiff.

The contract provided that the defendant should sell to the plaintiff two tanks of cotton seed oil at sixteen and a half cents per gallon during the month of Septemebr, 1899, f. o. b. at Purcell; that is, free on board the cars at Purcell, Indian Territory. It appears from the evidence that the plaintiff's cars in which the oil was to be shipped, reached Purcell, Indian Territory, on the afternoon of September 27, 1899, and on the following day were placed on the oil mill track that was used by the defendant, and remained on said track until the second day of October.

It appears that the defendant failed to place the oil into said cars, for the reason that the agent of the Santa Fe Railroad Company at Purcell insisted that the cars should be

weighed on the scales of the railroad company. The defendant insisted that the cars should be weighed upon its scales, and this was the only reason that the defendant in its letter to the plaintiff assigned for not placing the oil in the cars furnished by the plaintiff. Under the terms of the contract, this clearly constituted no defense to the plaintiff's cause of action. In our opinion, this was only used as a pretext for not complying with the contract; but the real reason, it appears from the evidence, was that oil had steadily advanced from the date of the purchase. In our opinion, the evidence clearly establishes that the plaintiff complied with the terms of its contract, and that the defendant wholly failed, neglected and refused to comply with its part of the contract.

When should the court sustain a demurrer to the evidence? The supreme court of Kansas has laid down the following rule:

"On a demurrer to evidence the court cannot weigh conflicting evidence, but can consider only that portion of the evidence which tends to prove the case of the party resisting the demurrer. Indeed, a demurrer to evidence admits every fact and every conclusion which the evidence most favorable to the other party tends to prove." (*Christie v. Barnes,* [Kan.] 6 Pac. 599; *Missouri Pac. Ry. Co. v. Goodrich* [Kan.]. 16 Pac. 439.)

In our opinion, the supreme court of the United States in *Louisville, &c., Railroad Co. v. Woodson,* 134 U. S. 614, has satisfactorily answered this question, and we adopt the rule as there laid down as being the true rule. It reads as follows:

"When the evidence given at the trial, with all the inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such

a verdict, if returned must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant; while, on the other hand, the case should be left to the jury, unless the conclusion follows, as matter of law, that no recovery can be had upon any view which can be properly taken of the facts which the evidence tends to establish."

The measure of damages which the plaintiff was entitled to recover was a question of fact that should have been submitted to the jury, under appropriate instructions.

It follows that the court erred in sustaining the demurrer to the evidence. The judgment of the district court of Cleveland county is therefore reversed, and the cause remanded with directions to grant a new trial.

Irwin, J., who presided in the court below, not sitting; Gillette, J., absent; all the other Justices concurring.