## SCHUMAN BROS. v. FIRST NAT. BANK of SKIATOOK.

No. 15276—Opinion Filed June 2. 1925.

Rehearing Denied Oct. 20, 1925.

### 1. Bankruptcy — Antecedent Debt — New Promise—Enforcement.

· Where a debtor is adjudged a bankrupt by involuntary proceedings, an order of discharge. or an order of confirmation of a composition, relates back to the inception of the proceedings and does not operate to bar an action thereafter brought to enforce collection of an antecedent debt which has been revived by a new promise made after the commencement of bankruptcy proceedings. Such new promise is sufficiently supported by the moral obligation of the debtor to pay.

### 2. Same.

In such case, where all of the creditors in writing accepted the terms of a composition offer and thereafter one of the creditors at the request of the bankrupt filed a written waiver with the referee as to its share of the composition dividend, amounting to $625, in order that the bankrupt might thus be able to carry out the terms of the composition, and the bankrupt agrees as a consideration for such waiver to execute a new note after discharge for the antecedent indebtedness and to pay the same in installments, such new promise is valid and enforceable.

(Syllabus by Logsdon, C.)

Commissioners' Opinion. Division No. 1.

Error from District Court, Washington County; H. C. Farrell, Judge.

Action by First National Bank of Skiatook against Schuman Brothers. Judgment for plaintiff, and defendants bring error. Affirmed.

This action was commenced in the district court of Washington county by plain-

tiff filing therein its petition September 21, 1922. This petition contained two counts. The first count was upon a promisssory note, and the second count was upon an oral promise to pay said note. Only one recovery was sought.

. Defendants filed an answer, wherein they pleaded as a bar to the action on the first count of the petition proceedings in bankruptcy and confirmation of a composition agreement since the execution and delivery of the note. As to the second count of the petition, defendants denied generally and specifically the oral agreement therein pleaded.

Plaintiff replied by general denial and upon a trial of the issues thus raised a directed verdict and judgment were entered in favor of the plaintiff and against the defendants. After unsuccessful motion for new trial defendants have brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendants, respectively, as they appeared in the trial court.

H. H. Montgomery and S. J. Montgomery, for plaintiffs in error.

Dale C. Dillon and Shipman & Lewis, for defendant in error.

Opinion by LOGSDON, C. Numerous assignments of error are raised by the petition in error in this case, but the only questions necessary to a decision are the questions of the jurisdiction of the trial court and of the sufficiency of the evidence to sustain the directed verdict and judgment.

Briefly stated, the facts shown in this case are that on June 4, 1921, defendants executed their note to the plaintiff for the sum of $2,500 due September 4, 1921; that on or about the due date of the note defendants procured an extension of the same to October 4, 1921; that on October 3 1921, an involuntary petition in bankruptcy was filed against defendants in the United States District Court for the Eastern District of Oklahoma; that immediately after the filing of the petition defendant began efforts to effect a composition with their creditors for 25 cents on the dollar; subsequently all of the creditors, including the plaintiff, accepted in writing said composition and filed their claims with the referee in bankruptcy; after the offer of composition had been accepted by all of the creditors, including the plaintiff, it was found by defendants that they would be unable to raise all of the money needed to carry out this composition; thereupon they went to the

plaintiff and made a proposition that if it would file a waiver of its claim under the composition agreement defendants could, by the use of this $625, make settlement with all of their creditors under said composition agreement; in consideration of plaintiff's foregoing the collection of this $625 and permitting defendants to use the same in making settlement under the composition agreement defendants agreed to execute a new note to plaintiff after the order confirming the composition should be entered; this note was to be for the original indebtedness of $2,500, and was to be paid thereafter in installments; plaintiff accepted this proposition of defendants and loaned them the $625 by filing a written waiver of its claim under the composition agreement with the referee in bankruptcy; in this manner defendants were enabled to carry out their composition agreement, and the order of confirmation was duly entered; after the order of confirmation was entered defendants refused to execute the new note to plaintiff and disclaimed any liability to the plaintiff by reason of the bankruptcy proceedings against them.

It is well settled by the authorities that a discharge in bankruptcy or an order confirming a composition relates back to the inception of the proceedings in bankruptcy. and that any new promise thereafter made by a debtor before or after an order of discharge or of confirmation has been entered is supported by a good and sufficient consideration by reason of the moral obligation to pay the antecedent indebtedness. Zavelo v. Reeves, 227 U. S. 625; In re Hawks, 204 Fed. 309; Torrey v. Krause (Ala.) 43 South. 184; Old Town Nat'l. Bank of Baltimore v. Parker (Md.) 87 Atl. 1105; Moore v. Trounstine (Ga.) 54 S. E. 810. The reason for the rule is, of course, stronger where a new consideration supports the new promise. This being true, it is held also that the subsequent action may be brought upon the original obligation or upon the new promise. It, therefore, follows that the trial court in the instant case had jurisdiction of the subject-matter and of the parties and that the contention of defendants based upon want of jurisdiction is untenable.

In the instant case the testimony discloses that the agreement entered into between plaintiff and defendants after the inception of the bankruptcy proceedings was neither fraudulent nor collusive as to the other creditors. No offer or inducement was given to the plaintiff to get it to enter into the composition with the other creditors. but the testimony shows that plaintiff did so

voluntarily and with no other expectation than that of receiving its 25 per cent. under the composition. After the oral agreement was entered into between the parties plaintiff filed its written waiver with the referee as it agreed to do. Its waiver being thus filed, and being a part of the records in the proceeding, was subject to such inquiry and investigation as any parties interested cared to make. If fraudulent, collusive, extortionate, or otherwise wrongful, interested creditors might have the order of confirmation vacated. This was not done. None of the creditors are complaining, and the discharged bankrupts certainly may not.

In the case of Zavelo v. Reeves, supra, the Supreme Court of the United States said:

"It is settled, however, that a discharge, while releasing the bankrupt from legal liability to pay a debt that was provable in the bankruptcy, leaves him under a moral obligation that is sufficient to support a new promise to pay the debt. And in reason, as well as by the greater weight of the authority, the date of the new promise is immaterial. The theory is that the discharge destroys the remedy, but not the indebtedness; that, generally speaking, it relates to the inception of the proceedings, and the transfer of the bankrupt's estate for the benefit of creditors takes effect as of the same time; that the bankrupt becomes a free man from the time to which the discharge relates and is as competent to bind himself by a promise to pay an antecedent obligation, which otherwise would not be actionable because of the discharge, as he is to enter into any new engagement."

Upon the evidence preserved in the record and the law applicable thereto, a verdict in favor of defendants could not be permitted to stand, and it would have been the duty of the trial court to set aside such verdict as being contrary to law. When a motion for a directed verdict is interposed, it is the duty of the court to consider the evidence in its most favorable aspect toward the party against whom the motion is directed, and if upon so considering the evidence, together with all reasonable inferences to be drawn therefrom it is clear that a verdict in favor of such party would be contrary to law, the court may properly sustain the motion for a directed verdict. Kentucky Refining Co. v. Purcell Cotton Seed Oil Mills, 13 Okla. 220, 73 Pac. 945; Moore v. First Nat. Bank of Iowa City, 30 Okla. 623, 121 Pac. 626; Jones v. First State Bank of Bristow, 39 Okla. 784, 136 Pac. 737. The instant case comes clearly within this rule.

For the reasons herein stated, the judgment of the trial court in this action should be and is hereby in all things affirmed.

By the Court: It is so ordered.

(Note.—See under (1) 7 C. J. pp. 346, 412, 413. (2) 7 C. J. p. 346.