## BURKDOLL, Sheriff, et al. v. SIMPSON.

No. 25284. Sept. 10, 1935.

Delos N. Tillotson, for plaintiff in error.

Prentiss E. Rowe, for defendant in error.

WELCH, J. This is an appeal from the district court of Pawnee county. The plaintiff in error was defendant in the trial court, and the defendant in error was plaintiff. We will refer to them as plaintiff and defendant, as they appeared in the trial court.

The facts are not in dispute. On February 6, 1932, one Eugene Wilkinson procured a judgment in the district court of Nowata county against one Everett Simpson upon which a balance of $550 remains unpaid. On June 15, 1932, Everett Simpson executed and delivered to plaintiff, Lloyd Simpson, a chattel mortgage upon the automobile which is the subject-matter of this cause. The mortgage was given in Rogers county, where the property was at such time situated, and was duly filed in the office of the county clerk of Rogers county on July 27, 1932. There is no evidence to indicate that the mortgage transaction was not bona fide and for value.

In October, 1932, Everett Simpson removed to Pawnee county, taking the automobile with him and keeping it there with the knowledge and consent of Lloyd Simpson, the mortgagee.

On September 2, 1935, an execution issued from the district court of Nowata county in pursuance of the judgment, directed to the sheriff of Pawnee county, commanding a levy upon the property of Everett Simpson, and thereunder a levy was made upon the automobile herein involved on September 12, 1933. No certified copy of the mortgage was filed in Pawnee county until September 14, 1933.

Thereafter, on September 16, 1933, plaintiff commenced this action in replevin to recover the automobile, basing the same upon the lien of his mortgage. Upon trial, under agreed statement of fact, the court rendered judgment for plaintiff, and defendant has appealed.

The sole question presented on appeal may be stated as follows: Where a chattel mortgage is properly filed in the county where the property was located at the time the mortgage was made, as provided by section 11277, O. S. 1931, and thereafter the mortgagor, with the knowledge and consent of the mortgagee, permanently removes the property to another county, does the mortgage become void as to a creditor of the mortgagor whose claim arose prior to the making and filing of the mortgage, unless the mortgage is refiled in the county to which the property is removed within 120 days from the time of such removal?

The question must be answered in the negative, unless it is provided otherwise by statute. Our attention has been directed by the parties to sections 11277 and 11279, O. S. 1931, which are pertinent in considering the question. It is defendant's contention that section 11277, supra, by its terms makes the filing of the mortgage an essential element of its validity as to creditors of the mortgagor, regardless of whether the creditor's claim arose prior or subsequent to the making of the mortgage. We agree with this contention, the question having been considered by this court in the early case of Campbell, Hunt & Adams v. Richardson et al., 6 Okla. 375, 51 P. 659. Therein the court held, in construing this statute, in the second paragraph of the syllabus, as follows:

"Section 3270, Okla. St. 1893, providing that 'a mortgage of personal property is void as against creditors of the mortgagor, * * * unless the original, or an authenticated copy thereof, be filed' in the proper office, applies not only to creditors who become such after the execution of the mortgage, but also to those whose debts existed before that time; and such mortgage is void as to all creditors of the mortgagor unless same, or an authenticated copy thereof, be so filed."

The facts here, however, do not show a failure to comply with the provisions of section 11277, supra. The mortgage in the instant case was properly filed in the county where the property was located at the time of the execution of the mortgage. Had the property remained in Rogers county no question could have arisen regarding the validity of the mortgage as against creditors or subsequent purchasers or incumbrancers. The property, however, was removed permanently to Pawnee county. This removal would have no effect on the validity of the mortgage, unless contrary statutory provisions are found elsewhere than in section 11277, supra. Section 11279, supra, is the only statutory provision which governs the effect of the mortgage lien when property is removed from the county where the property was located when the mortgage was originally made. In the absence of section 11279, supra, it is apparent that the original filing of the mortgage would be sufficient even though the property was subsequently removed to another county. We resort to section 11279, supra, to ascertain the requirements thereof as to refiling of the mortgage and to the effect upon the mortgage lien which a failure to refile will have. The same provides as follows:

"The filing of a mortgage of personal property, in conformity to the provisions of this article, operates as notice thereof to all subsequent purchasers and incumbrancers of so much of said property as is at the time mentioned in the preceding section located in the county or counties wherein such mortgage or authenticated copy thereof is filed: Provided, that when a mortgaged chattel is moved into this state, or from one county to another, any previous filing of the mortgage shall not operate as notice as against subsequent creditors, purchasers, mortgagees or incumbrancers for a longer period than 120 days after such removal, but such mortgage must be refiled in the county to which the chattel is removed and in which it is permanently located."

It is to be observed that section 11277, supra, relating to the original filing, provides that the mortgage is "void as against creditors of the mortgagor, subsequent purchasers, and incumbrancers of the property, for value," whereas, section 11279, supra, provides: "any previous filing of the mortgage shall not operate as notice as against subsequent creditors, purchasers, mortgagees or incumbrancers."

The difference, in the language used is readily apparent, a different meaning results, and it must have been so intended by the Legislature.

It is really apparent from an examination of the two sections of the statute that the legislative body saw no good reason for requiring the refiling of a mortgage in a county to which property was removed so as to be constructive notice to creditors of the mortgagor whose claim arose prior to the execution of the mortgage and its original filing. A creditor whose claim arose prior to the execution and original filing of the mortgage was evidently deemed to have been sufficiently notified of the existence of the mortgage by its original filing, and deeming such original filing sufficient, the Legislature did not require by section 11279, supra, the refiling of the mortgage as a prerequisite to its validity as to any persons, except subsequent creditors, purchasers, mortgagees, or incumbrancers.

The creditor here is not a subsequent creditor as provided in section 11279, supra, and the provisions thereof did not require refiling of the mortgage in Pawnee county, in so far as he was concerned. It therefore follows that the trial court committed no error in rendering judgment in favor of the plaintiff, and the cause is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and GIBSON and CORN, JJ., concur.