**ALLEN v. BANTA et al.**
No. 35467.

Supreme Court of Oklahoma.
May 26, 1953.

Rehearing Denied June 30, 1953.

Application for Leave to File Second Petition for Rehearing Denied Nov. 17, 1953.

Allen & Williams, Chickasha, for plaintiff in error.

C. D. Van Dyck, Jr., and Hatcher & Bond, all of Chickasha, for defendants in error.

PER CURIAM.

Earl Burba had procured a money judgment against Gerald Banta on February 2, 1949. On July 20, 1949, execution was issued on said judgment and returned unsatisfied. On August 23, 1951, the judgment debtor was duly served with an order of the court, requiring him to appear before the Court on August 30, 1951, to answer under oath as to his assets. The debtor appeared as ordered, and at the hearing the debtor disclosed that he was the owner of an undivided one-half interest in certain broom corn; and the debtor, at the same hearing, advised the court and counsel for plaintiff that his interest in said broom corn was subject to an outstanding mortgage in favor of Horace Potter. Upon being advised that the mortgage to Potter had not been recorded, the court ordered issuance of a special execution and order of sale against said broom corn. The execution was thereupon issued and the sheriff made levy and took possession of the broom corn. Thereafter, by stipulation of parties concerned, the broom corn was sold at private sale at the market price and the proceeds deposited with the court clerk under agreement that such proceeds in place of the broom corn would be subject to conflicting claims and interests.

The mortgagee, Horace Potter, came into the case as an interpleader, and moved the court to quash the levy of execution upon the ground that he was the owner and holder of a note for value given to him by the debtor, Banta, and secured by a chattel mortgage covering the said broom corn, and executed and delivered to him by Banta prior to the said proceedings in aid of execution and prior to the levy thereof upon said property, and upon the ground that plaintiff, Burba, and his counsel in the case were duly advised and had actual notice of Potter's said mortgage covering the property, prior to the issuance and levy of said execution, and that by reason of such facts the

property covered by said chattel mortgage was not subject to the said execution on the judgment of Burba, without payment of the amount of the mortgage as provided by the statutes. The court sustained Potter's motion to quash the execution, and denied plaintiff's motion to apply said property to plaintiff's judgment. The court further entered judgment ordering that the funds representing the net proceeds from the sale of the said mortgaged property be delivered to Potter, to apply upon the debt to him secured by said mortgage.

Plaintiff has appealed from the said order and judgment of the trial court, and presents his argument for reversal under four propositions.

■ Under his first proposition it is contended that plaintiff acquired a lien upon the broom corn when the court order was served on Banta requiring him to appear before the court and answer as to his assets, or, at the latest, when Banta disclosed at the hearing that he owned such property. We believe there is no sufficient authority or sound reason to hold that any lien under plaintiff's judgment could be created against this property, chattels, except as provided by our statute; and we consider section 33 of Title 42 O.S.1951 to be controlling on that point. Said section of the statute provides for such lien as follows:

"An officer, who levies an attachment or execution upon personal property, acquires a special lien, dependent on possession, upon such property, which authorizes him to hold it until the process is discharged or satisfied, or a judicial sale of the property is had."

Under his proposition 2 plaintiff argues in support of his authority for procuring the issuance of the special execution and order of sale, under which this property was levied upon by the sheriff. We consider it unnecessary to decide that legal question, and for the purpose of this decision only, it may be admitted that the issuance of the special execution was legally authorized and valid, just as if the sheriff's levy upon the property had been under a general execution.

■ Under his third proposition plaintiff contends that the lien acquired under his judgment by the sheriff's levy of execution on the property and taking possession thereof became and was prior and superior to the lien of Potter under his chattel mortgage, even though plaintiff and his counsel were notified and advised of the existence of said mortgage covering the property at the same time they learned of the existence of the property. As ground for said contention plaintiff urges the admitted fact that the mortgage was unrecorded at the time of levy of the execution. He also urges as further ground that the mortgage to Potter was not for value, and that there were indications of fraud in connection with said mortgage. We believe plaintiffs' argument that the mortgage was not given to Potter for value, and the argument that the giving of the mortgage to Potter was subject to suspicion as to its validity between the parties thereto because of possible fraudulent collusion should be disposed of summarily with the mere statement that the trial court decided those issues of fact upon supporting evidence shown of record and it is not now within the province of this court to find otherwise. Plaintiff also asserts that the debtor defendant was insolvent at the time of execution of the mortgage. If that be true we do not consider it of any importance in deciding the issues here.

■ There then remains the sole ground for determination and decision of this case, which is briefly and simply this: Is a judgment creditor entitled, under our law, to have execution on his judgment sustained upon personal property against which he has previously been duly advised there is a valid outstanding chattel mortgage, not recorded as provided by the recording acts of this state. It is our conclusion that this question should be answered in the negative. It has heretofore been so answered in definite and unmistakable terms by this court in the case of Fiegel v. First National Bank of Kingfisher, 90 Okl. 26, 214 P. 181. The recording statute involved in this question, now Section 57 of Title 46 O.S.1951, and being the same as Section 4031, Revised Laws 1910, reads as follows:

"A mortgage of personal property is void as against creditors of the mortgagor, subsequent purchasers, and incumbrancers of the property, for value, unless the original, or a certified copy thereof, be filed by depositing the same in the office of the County Clerk of each County where the property mortgaged, or any part thereof, is at such time situated * * *."

The identical issue here involved was likewise in Fiegel v. First National Bank, supra, as shown in the following quotation:

"The material facts necessary to be considered in determining the questions presented by this appeal, briefly stated, in substance are as follows: On February 14, 1918, the date on which the bank instituted the action against Hamil, it caused a writ of attachment to be issued. On the same date the sheriff attempted to levy upon an undivided one-half interest of a growing wheat crop on the northwest quarter of section 4–17–8, Cooper township. It appears from the return of the sheriff on the order of attachment that he took possession of the wheat crop and caused it to be appraised, and that this is all he did towards making the levy.

"Thereafter, on April 27, 1918, by permission of the court, Victor J. Fiegel filed a plea of intervention in the action asserting a lien upon the wheat crop by virtue of a chattel mortgage executed to him by W. M. Hamil on December 15, 1917, to secure the payment of a promissory note of the same date. The mortgage was not filed for record until the 16th day of February, 1918, two days subsequent to the levying of the attachment. The plea of the intervener alleged that the note had never been paid, and that the plaintiff on the date the sheriff attempted to attach the wheat crop had actual notice of the existence of the mortgage of Fiegel, and that the sheriff at the time of making the levy of attachment had actual knowledge and notice of the note and mortgage * * *."

This court's answer to the question in that case is quoted from the opinion as follows:

"If the allegations of the petition are true, the intervener has a valid chattel mortgage upon the property attached by the plaintiff and which is a superior lien to that of the attachment, if it be conceded that any lien was created and retained by the attempted attachment. A chattel mortgage is good between the parties without the filing of it as required by section 4031, R.L.1910. Gibson v. Linthicum, 50 Okl. 181, 150 P. 908. And it is good as against all subsequent parties seeking to establish a lien against the property with actual notice of the existence of such mortgage. This rule was in principle announced by this court in the case of Blevins v. W. A. Graham Co., 72 Okl. 308, 182 P. 247. Mr. Justice Johnson, in delivering the opinion of the court, in construing section 4031, supra, said:

" 'Nor was it intended that one rule should apply in organized counties and the opposite rule in unorganized counties, nor one rule as to the real estate mortgages, and its opposite as to chattel mortgages. The purpose of the statute was to give constructive notice to those whose dealings were in good faith, and who had no actual knowledge of the facts. The words "purchasers, and incumbrancers for value" in the first portion of section 4031 are used in the same sense as the words "purchasers or incumbrancers of the property in good faith for value" in the remainder of the section. Van Rensselaer v. Clark, 17 Wend., N.Y., 25, 31 Am.Dec. 280; Gibson v. Linthicum, 50 Okl. 181, 150 P. 908; Merchants' Nat. Bank v. Frazier, [60 Okl. 156], 159 P. 647; Stockyards Loan Co. v. Nichols, 8 Cir., 243 F. 511, 156 C.C.A. 209, 1 A.L.R. 547.'

"Counsel for the plaintiff insist that the rule announced in the case supra is inapplicable for the reason the words 'good faith' only applies to purchasers, and not creditors, as the statute had

been construed by the court prior to the revision of the Code in 1910. We fail to conceive of any good reason for placing a creditor in a different position to a purchaser, in attempting to create a lien on the mortgagor's property by levying an attachment, if he has actual knowledge of the existence of an unrecorded mortgage that is valid between the parties. * * *"

The answer to that question in this court should be in the form of a definite general principle of law, applicable to other cases as well as this, and not influenced by questions urged by plaintiff as to grounds for doubt as to the actual consideration and purpose of the mortgage, and as to the solvency of the debtor defendant.

In plaintiff's reply brief it is urged that the above-quoted rule announced by the court in the Fiegel case is not applicable to this case because the court in that decision stated that the priority of the mortgage was dependent upon it being free from fraud and given for a valuable consideration. We agree that the mortgage must be valid as between the parties to it in order for it to be given any consideration at all; but, as above stated, we consider that question of fact to have been decided by the trial court in this case on supporting evidence.

The plaintiff's reply brief also urges that this court's more recent decisions in Morgan v. Stanton Auto Co., 142 Okl. 116, 285 P. 962, and Burkdoll v. Simpson, 173 Okl. 397, 48 P.2d 1072, 103 A.L.R. 195, are contrary to the Fiegel decision, and support plaintiff's contention. It is true that the opinions in the Morgan v. Stanton Auto Co. and Burkdoll v. Simpson cases cite and quote from Territorial Court decisions, with apparent approval, and included in such quotations, inadvertently we think, or at most for other purposes than to declare a rule different from that announced in the Fiegel Case,—there are statements made by the Territorial Court which apparently construe the Territorial Statute then in effect to mean that actual notice of the existence of a prior mortgage against property was effective as against a subsequent purchaser or encumbrancer, but was ineffective as against a creditor, prior or subsequent.

Under such a construction and rule a general creditor of a debtor would lose his position or priority by taking a mortgage from the debtor. Such a construction of the statute is we think unreasonable and unnecessary and should be avoided, as this court has heretofore declared in the Fiegel case.

■ Plaintiff makes a further contention that the mortgage was invalid, or at least ineffective as against him, by reason of an erroneous recital in the mortgage of the legal description of the land upon which the broom corn was located. Such error did not affect the validity of the mortgage as between the parties to it, nor as against an execution creditor who was not misled by such error. Obviously the plaintiff was not so misled, and such technical error in the description of the land where the chattel was located did not alter the fact that he had notice of the prior mortgage against the property actually covered by the mortgage. Neal Gin Co. of Marietta v. Tradesmen's National Bank of Oklahoma City, 111 Okl. 154, 239 P. 615; Ake v. General Grain Co., 181 Okl. 117, 72 P.2d 735.

We find that the trial court was correct in its judgment which had the effect of quashing plaintiff's execution or denying plaintiff any benefit thereof on account of intervenor's prior lien, and the judgment of the trial court in that respect is affirmed.

■ Plaintiff's fourth proposition raises the question as to the jurisdiction of the court to enter judgment which in effect foreclosed intervenor Potter's mortgage against the property, the intervenor having failed to allege and prove compliance with the Oklahoma Intangible Tax Law. Plaintiff may not properly be in position to raise that question, as it would probably not affect his interest; but when it is called to the court's attention, we consider it the duty of the court to require compliance with the law, in the public interest.

Therefore the judgment foreclosing intervenor's mortgage and ordering the net proceeds from the sale of the mortgaged property to be paid to the intervenor is vacated and the cause remanded, with directions to the trial court, after hearing upon

proper notice to determine such jurisdictional matter, and if intervenor Potter establishes compliance with the Intangible Tax Law, then judgment to be rendered for said intervenor; or upon failure of intervenor to establish compliance with the Intangible Tax Law, the intervenor's claim to said funds should be dismissed, as specifically provided by that Act. See Mead v. Hellams, 200 Okl. 381, 194 P.2d 603, and cases therein cited.

Since the judgment appealed from is reversed in part the costs of this appeal are taxed equally against plaintiff and the intervenor.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

The court acknowledges the services of Attorneys Frank Settle, A. C. Saunders and Robert Woolsey, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.