Leonard Raymond HADDOCK, Plaintiff in Error,

v.

The FIRST NATIONAL BANK AND TRUST COMPANY of Tulsa, Oklahoma, Defendant in Error.

No. 37214.

Supreme Court of Oklahoma.

Nov. 13, 1956.

Rehearing Denied Dec. 18, 1956.

S. J. Clendinning, Tulsa, for plaintiff in error.

Conner, Winters, Randolph & Ballaine, Hess Crossland, James R. Ryan, Tulsa, for defendant in error.

CARLILE, Justice.

This action was brought by Leonard Raymond Haddock as plaintiff to recover from the defendant, First National Bank and Trust Company of Tulsa, Oklahoma, the amount of $968 paid to said defendant. The amended petition alleges:

"1. That the plaintiff is now and has been at all times hereinafter mentioned a resident of Tulsa County, Oklahoma, and the defendant at all times hereinafter mentioned is a national bank duly authorized to do business and doing business in the City of Tulsa, Tulsa County, Oklahoma.

"II. That on or about the 12th day of December, 1952, this plaintiff filed his petition in the bankruptcy court of the Northern District of Oklahoma

and, among other debts, listed a mortgage indebtedness of $2,179.80 in favor of the defendant and secured by a chattel mortgage on a 1951 Chevrolet model automobile. That the plaintiff was advised by his attorney and the Trustee in Bankruptcy that the mortgage of the First National Bank & Trust Company of Tulsa, Oklahoma, was a valid mortgage of record and that he could pay to the First National Bank the balance due on said mortgage and retain his possession of the 1951 Chevrolet automobile.

"Plaintiff alleges that within a few days after he had filed for bankruptcy in the bankruptcy court of the Northern District of Oklahoma, a Mr. Davis, one of the officers of the defendant bank contacted this plaintiff and advised him that he could keep the 1951 Chevrolet automobile if he would pay immediately three back payments on the mortgage and continue to pay the payments under the terms of the mortgage. Whereupon, plaintiff paid the three back payments and continued to make monthly payments under the terms of the mortgage.

"Plaintiff further alleges that the defendant bank, knowing their mortgage was not a valid mortgage that could be asserted in the Bankruptcy Court and knowing that the plaintiff did not know that the mortgage had not been filed, made the above arrangement with plaintiff to pay the three back payments then due and the balance of the mortgage, as called for by the terms of said mortgage and in the same manner as followed by plaintiff prior to the filing of the bankruptcy case.

"That the defendant bank accepted from this plaintiff under false premise the sum of $968.00.

"III. That on or about the 28th day of April, 1954 James B. Coppedge, Trustee in Bankruptcy, learned for the first time that the bank did not have a valid mortgage that could be asserted in a Bankruptcy Court, because said mortgage was not filed of record in Tulsa County by the defendant bank and made application for the automobile to be delivered to the Trustee in Bankruptcy.

"That on or about the 13th day of May, 1954, the Trustee in Bankruptcy, under order of the Bankruptcy Court, seized the car of Plaintiff and permanently deprived plaintiff of the possession thereof. That the debt owing from the plaintiff to the defendant was fully satisfied in bankruptcy and that this plaintiff paid the money to the bank through a mistake of fact, as heretofore set out, and the bank accepted the money knowing full well that they had no authority whatsoever to make arrangements with the plaintiff to keep the said car.

"Plaintiff further alleges that the payment of said money was through a misunderstanding of fact well known to the defendant and there was no consideration whatsoever passing from the defendant bank to this plaintiff and that plaintiff is entitled to have the said sum of $968.00 immediately returned to him.

"IV. Plaintiff further alleges that he has made demand on the bank for return of said money and the bank has failed and refused to comply with the plaintiff's request.

"Plaintiff further alleges that his claim against the bank has been listed for intangible tax and said tax has been paid as, and when, provided by law.

"Wherefore, plaintiff prays judgment against the defendant for the sum of $968.00, together with interest thereon at the rate of six percent from the date said money was received by the defendant bank, together with all costs herein layed out and expended and for such other and further relief as to the Court seem just and proper."

The trial court sustained a demurrer to the petition as amended and entered judgment for the defendant. Plaintiff appeals.

Although plaintiff makes the allegation that defendant, knowing that the mortgage was not filed and knowing it could not be enforced in a court of bankruptcy, took the $968. There is no allegation that defendant knew the mortgage could not be enforced against the plaintiff by defendant. Assuming that the allegation is sufficient to charge the defendant with knowledge that the mortgage was unenforceable against him at law, there is nothing in the allegation that charges a fraudulent concealment. It is not alleged plaintiff asked the defendant if its mortgage was filed. A chattel mortgage, though not filed, is good between parties. Fiegel v. First National Bank of Kingfisher, 90 Okl. 26, 214 P. 181; Morgan v. Stanton Auto Co., 142 Okl. 116, 285 P. 962; Allen v. Banta, Okl., 262 P.2d 904.

A debt is not extinguished by bankruptcy, but only rendered unenforceable. 6 Am.Jur. Bankruptcy, Sec. 750, p. 985; Schuman Bros. v. First National Bank of Skiatook, 115 Okl. 23, 240 P. 647.

Plaintiff asserts, as alleged, that the payment was made without consideration. This allegation cannot be sustained. Defendant, according to the allegation, paid out over $2,100 for plaintiff, on which he owed $968. Part of this was delinquent at the time the transaction was made. Not only did the defendant give up the debt but a valid right to assert its claim in bankruptcy.

It is necessary to plead a discharge to defeat an action for a debt. 6 Am.Jur. Bankruptcy, Secs. 805–806, p. 1024. In Section 806, supra, it is stated:

"A discharge in bankruptcy must be pleaded specially. A plea of adjudication in bankruptcy is not sufficient as a pleading of the defense of discharge. * * *"

Plaintiff assumes there was an obligation for the defendant to file the mortgage or tell plaintiff it was not filed. We do not agree. An unrecorded or unfiled mortgage may be established in a court of bankruptcy under the same conditions as against third parties. 6 Am.Jur. Bankruptcy, Sec. 991, p. 1142. Plaintiff does not allege he made any effort to discover whether the mortgage was filed. There was sufficient consideration to support the payment. Under the pleadings there is nothing to show plaintiff was mislead or deceived. The petition did not state a cause of action.

The action of the trial court in sustaining the demurrer and entering judgment for the defendant is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY and JACKSON, JJ., concur.