**In re BERRY, Bernard James, and Klein, Robert Frederick.**

**Bankruptcy Nos. 79–143, 79–144.**

United States Bankruptcy Court, W.D. Pennsylvania.

April 21, 1988.

Douglas A. Campbell, David P. Braun, Campbell & Levine, Pittsburgh, Pa., for debtors.

Iryna A. Kwasny, Edward J. Snyder, Tax Div., U.S. Dept. of Justice, Washington, D.C., Craig R. McKay, Asst. U.S. Atty., Pittsburgh, Pa., Donna Pankowski, I.R.S., Pittsburgh, Pa., for the U.S.

## MEMORANDUM OPINION AND ORDER

JUDITH K. FITZGERALD,
Bankruptcy Judge.

The matter before the Court is a motion filed by the United States for reconsideration of an Order entered on October 5, 1987 or, in the alternative, to extend time for filing a notice of appeal if the October 5, 1987 Order was a final, appealable Order. The Order found that the Internal Revenue Service was in technical violation of the discharge provisions of the Bankruptcy Act but awarded no sanctions other than an unspecified amount of interest on certain money Berry and Klein had offered to the Internal Revenue Service. When said motion was initially filed, the Clerk treated the motion as an appeal and forwarded the necessary documents to the District Court in each of these cases. On February 22, 1988, United States District Judge Glenn E. Mencer entered an Order granting the United States' motion to dismiss its notice of appeal in the Robert Frederick Klein case, and ordered that the case be remanded to the Bankruptcy Court to determine the issues raised in the motion. On March 11, 1988, United States District Judge Gustave Diamond entered an identical order in the Bernard James Berry case. Thereafter the Bankruptcy Court scheduled a hearing on the motion for reconsideration and denied as moot that portion of the United States' motion which requested that the document be treated as an extension of time for filing an appeal. A hearing was conducted on April 4, 1988, at which time Douglas Campbell appeared on behalf of the Bankrupts and Iryna Kwasny appeared on behalf of the United States, Internal Revenue Service.

A copy of the October 5, 1987 Order from which the United States appealed is appended hereto as Exhibit A. The United States asked for reconsideration of the portion of the Order which awarded interest, not as a statutory interest rate on an overpayment of tax, but rather as a sanction for a technical contempt of Court as detailed in the October 5 Order. The United States contends that it has no authority to pay interest in this case for either or both of two reasons.

First, the Internal Revenue Service asserts that there is no statutory provision which would permit it to pay interest on the underlying funds (to-wit, $3,000.00 from Robert Frederick Klein and $14,000.00 from Bernard James Berry) which have subsequently been returned to the Bankrupts by the Internal Revenue Service. Those funds came into the possession of the Internal Revenue Service when the Bankrupts made an offer in compromise to settle a tax liability. The only statutory provision authorizing the Internal Revenue Service to pay interest on money it has collected provides that interest may be paid only where an overpayment of tax has been made. *See* 26 U.S.C. § 6611.

Secondly, the Internal Revenue Service argues that the interest could not be imposed by way of a sanction for a technical contempt of Court because the Bankruptcy Court had no jurisdiction to order such sanction under the now-repealed Bankruptcy Act. These cases were both filed under the former Bankruptcy Act, so the Court's jurisdiction in terms of awarding fines or sanctions for a contempt would be governed by the standards imposed by that statute. Pursuant to former Bankruptcy Rule 920, the Bankruptcy Court could order a fine of not more than $250.00 upon a finding of contempt. In order to award any monetary fine greater than $250.00, the Bankruptcy Judge was required to certify the facts constituting the contempt to the District Court for consideration and entry of an Order of Contempt and setting a fine if deemed appropriate by the District Court.

Bankrupts contend that the award of interest was an appropriate sanction to be imposed in this case. They do not seek to have the Order amended to say that the Bankruptcy Court could order sanctions pursuant to former Bankruptcy Rule 920; rather, Bankrupts now rely upon the theory expressed in their briefs. Their theory is that the amounts of money deposited by Berry and Klein by way of an offer in compromise were in fact overpayments of a

tax liability and, therefore, that the award of interest can be imposed against the Internal Revenue Service pursuant to 26 U.S. C. § 6611.

The Court finds that there was no overpayment of tax in this case, and, therefore, this Court cannot award interest against the Internal Revenue Service on the facts as found by Judge Cosetti.

■ The issue in this case focuses on the effect of a discharge in bankruptcy. Under former § 14(f) of the Bankruptcy Act, the Bankrupts in this case were granted discharges. The cases are clear in construing § 14(f) to mean that the effect of a discharge was simply to release a Bankrupt's personal liability for repayment of the debt. The discharge is not a payment or extinguishment of the debt itself. It simply bars future legal proceedings to enforce the discharged debt against the Bankrupts. *See, inter alia, Helms v. Holmes,* 129 F.2d 263 (4th Cir.1942); *Realty Co. v. Gioshio,* 27 Am.B.R. 58, *aff'd,* 50 Pa.Superior Ct. 185. *See also* 1A COLLIERS ON BANKRUPTCY ¶¶ 17.27 and 17.29 (14th ed. 1978).

Because the underlying debt is not extinguished, § 17(a) of the former Bankruptcy Act provided that a discharge in bankruptcy would not release or affect any tax lien. Cases have held that liens acquired prepetition against prepetition property would survive the bankruptcy. *See, inter alia, Realty Co. v. Gioshio, supra.*

■ Because the underlying tax debt in this case has not been paid or extinguished by virtue of the discharge, the debt owed by Klein and Berry to the Internal Revenue Service continues to exist even though the Internal Revenue Service is barred from pursuing collection activities against any postpetition property of the Bankrupts. The effect upon the motion presently before the Court is to require a finding that the offers in compromise made by Klein and Berry cannot be considered to be overpayments against the taxes due.

Debtors rely upon *Jones v. Liberty Glass Co.,* 332 U.S. 524, 68 S.Ct. 229, 92 L.Ed. 142 (1947), *rehearing denied,* 333 U.S. 850, 68 S.Ct. 657, 92 L.Ed. 1132 (1948), to say that the offers in compromise can be treated by this Court as overpayments. Debtors rely upon the statement of the United States Supreme Court in that case:

> In the absence of some contrary indication, we must assume that the framers of the statutory provisions intended to convey the ordinary meaning which is attached to the language they use. *See Rosenman v. United States,* 323 U.S. 658, 661, 65 S.Ct. 536, 537, 89 L.Ed. 535. Hence we read the word "overpayment" in its usual sense, as meaning any payment in excess of that which is properly due. Such an excess payment may be traced to an error in mathematics or in judgment or in interpretation of facts or law. And the error may be committed by the taxpayer or by the revenue agents. Whatever the reason, the payment of more than is rightfully due is what characterizes an overpayment.

332 U.S. at 531, 68 S.Ct. at 233.

The United States Supreme Court was dealing with the statute of limitations for filing claims for refunds, not the situation facing this Court. Moreover, Bankrupts did not make a claim for a refund and do not suggest that their payments were not "rightfully due."

In their Supplemental Briefs Berry and Klein argue that an overpayment occurs "whenever a taxpayer has paid an amount over and above his true tax liability," citing as support *Glaze v. United States,* 641 F.2d 339, 343 (5th Cir.1981). The quoted language, they argue, stands for the proposition that any payment by the taxpayer above his in personam liability is an overpayment. However, the argument does not consider the effect of the discharge on the taxpayer's "true liability." The discharge does not forgive the debt but merely makes it uncollectible against the Bankrupt. Bankrupts admit that the underlying debts have not been paid although they simply are no longer responsible for making the payments by virtue of their discharges in bankruptcy. However, until the tax itself is paid in full, any payments against the debts cannot be considered to

be "*over* payments". For this reason, the statutory provisions of § 6611 do not apply to the instant case and, therefore, the Court is without authority to order an award of interest against the Internal Revenue Service. There has been no overpayment within the meaning of the Internal Revenue Code or within the meaning of the definition provided in *Jones, supra.*

Because Bankrupts do not request the Court to consider the imposition of a monetary fine by way of sanction against the Internal Revenue Service for the conduct which occurred in this case, the Court does not do so.

The portion of the October 5, 1987 Order which awarded interest on the amounts paid by Debtors pursuant to their offers in compromise is hereby vacated.

An appropriate Order will be entered.

### ORDER

And now, this 21st day of April, 1988, upon consideration of the motion of the United States for reconsideration of the October 5, 1987 Order of the Bankruptcy Court, it is hereby ORDERED that the motion is GRANTED.

It is FURTHER ORDERED that the sanctions of interest payments imposed upon the IRS by the October 5, 1987 Order are hereby VACATED. In all other respects the Memorandum Opinion and the Order of Court dated October 5, 1987, remain in force and effect.

This Order is a final Order.

### APPENDIX

### Exhibit A

### MEMORANDUM OPINION

In these two cases, it is reported that Harry J. Kuczma, an officer of the Internal Revenue Service ("IRS"), carried out his duties in an overbearing and contemptuous manner. Hopefully, the IRS will require Mr. Kuczma to undertake some additional training to modify his behavior. Sanctions will not be imposed at this time.

The Debtors request payment of interest on "overpayments" and sanctions for con-tempt. The IRS believes that whether or not the disputed tax was discharged was subject to conflicting interpretations, and that their actions to collect the tax was not unreasonable and did not constitute contempt. The IRS believes that the monies tendered by the Debtors were clearly an "offer in compromise" and not an "overpayment". The appropriate statute permits interest to be paid for "overpayment" but not for "offer in compromise".

The Debtors describe an "offer in compromise" as an offer to pay less than the amount owed, and an "overpayment" is a payment in excess of what is owed. After the fact, the Debtors view the situation as one in which the tax was discharged and no tax was due, and, therefore, the voluntary payment as an "offer in compromise" was in fact an "overpayment". The IRS chooses to view the transaction as of the time it was made. The IRS believes that the offer was made as an "offer in compromise" because the IRS and the Debtors believed a tax was due.

The Debtors also describe these actions of the IRS in terms of contempt of the bankruptcy discharge. The Debtors, because of their lack of knowledge of the effect of their bankruptcy discharge, did not consult their attorney and did not resist the IRS demands but voluntarily made the "offer in compromise" payments. When these matters were brought to the attention of the legal department of the IRS, a proper course of conduct developed.

Under all these facts and circumstances, this Court finds that the IRS committed a technical contempt of the bankruptcy discharge, and therefore only technical sanctions should be imposed. The IRS is Ordered to pay interest on the monies improperly collected, as a sanction, not as a stautory right. The request for attorney fees are denied as a sanction. Attorney fees are not appropriate under these circumstances. The Debtors' failure to bring these matters to the attention of their attorney contributed to their unfavorable treatment.

The Debtors also request that the disputed tax lien be stricken. The Court be-

lieves that this is not disputed and IT IS SO ORDERED.

Dated this 5 day of October, 1987 at Pittsburgh, Pennsylvania.

/s/ Joseph L. Cosetti
Joseph L. Cosetti
Bankruptcy Judge.