In the Matter of the ESTATE OF Clyde R. HEIMBACH, a/k/a C.R. Heimbach, Deceased.

Daisy HEIMBACH, Appellant,

v.

Saundra M. THORNBURG and Shirley M. Guiney, Appellees.

No. 78750.

Court of Appeals of Oklahoma, Division No. 3.

Feb. 9, 1993.

Paul E. Northcutt, Ponca City, for appellant.

Harvey D. Yost, II, Perry, for appellees.

## MEMORANDUM OPINION

HUNTER, Judge:

In 1961, Decedent executed his last will and testament, leaving all his property, real and personal, to his wife, Eva L. Heimbach, provided she survived him. In the event she predeceased him, Decedent devised and bequeathed all his property to his wife's daughters, Appellees. Eva L. Heimbach predeceased Decedent. After her death, Decedent married Daisy Heimbach, Appellant. Decedent did not execute a new will, modify the existing will or rescind it.

At his death, Appellant filed for letters of administration, believing Decedent died intestate. As Personal Representative of the estate, Appellant petitioned the court for permission to sell personal property of the estate to satisfy indebtedness of the estate. With court allowance, Appellant sold a tractor, wheat and hay for a total of $15,562.73. Appellant also petitioned for and received orders setting aside the homestead to her and for widow's allowance.

After these orders issued, Appellees petitioned for probate of the will and for revocation of Appellant's letters of administration and appointment as personal representative.

We note at the outset that the record presented to us consists solely of the pleadings, some written orders and some documents. There is neither a transcript nor a narrative filed. We will presume the court ruled correctly on questions of fact unless the proponent of such error can point to evidence in the record supporting his proposition. *Reeves v. Agee,* 769 P.2d 745 (Okl.1989). Furthermore, we will not consider allegations of error which are not supported by authority. *Cavett v. Peterson,* 688 P.2d 52 (Okl.1984).

## STANDARD OF REVIEW

The probate of a decedent's estate is a matter of equitable cognizance. On review, we will thoroughly review the record and weigh the evidence. We will not reverse or modify the trial court's judgment, however, unless the record shows it is clearly against the weight of the evidence or contrary to law or well-established principles of equity. *Anderson v. Jackson,* 41 P.2d 815 (Okl.1935), *Wetsel v. Johnson,* 468 P.2d 479 (Okl.1970).

## FINDINGS ON REVIEW

Appellant first claims the court failed to set over to her, as surviving spouse, the homestead personal property. The court's order sets apart and confirms ownership in the nonliquidated personal property to Appellant. 58 O.S.Supp.1990 §§ 311, 312. The court misconstrues the statutory language, however, when it sets aside growing "crops" instead of "provisions", as is provided for in § 311(6) of the statute. Provisions mean groceries and will include meat, whether butchered or on the hoof, so long as it does not exceed a year's supply necessary for the family. The court erred in failing to set aside all proper personal homestead property to Appellant.

The second proposition of error concerns the court's finding that Appellant "abandoned or waived" her rights to certain § 312 exempt property. The decree recites that Appellant testified that she had no use for these particular personal properties and caused them to be sold. Liquidation of the property does not change the ownership of the property. Speaking of § 311 homestead personal property, the Oklahoma Supreme Court has stated the rule that title to the property vests in the surviving spouse absolutely free and clear of claims by residuary legatees. *Spain v. Kernell,* 672 P.2d 1162 (Okl.1983). The exempt property also must be set aside to the surviving spouse and cannot be used, without surviving spouse's consent, except in payment of necessary expenses of the last illness, funeral charges or administration of the estate. The court erred in finding Appellant "waived" her right to exempt personal property.

We do not review Appellant's third proposition of error concerning the surcharges because there is insufficient record evidence to support a claim of error of fact and no authority is cited to support the claim. Because we direct the court to set over all personal homestead and exempt property to Appellant, however, the court may find the surcharging of the calves was done in error.

The court correctly awarded a non-fee-interest probate homestead estate to Appellant of the couple's real property, an 80-acre farm. Decedent devised the full fee to his stepdaughters. Appellant, as a surviving spouse, is entitled to the probate homestead, which, unless she abandons it, is hers to occupy for the remainder of her life. The probate homestead excludes the fee interest. *In re Carothers' Estate,* 196 Okl. 640, 167 P.2d 899 (1946).

For her fifth proposition, Appellant asserts the court erred in its assessment of attorney fees claiming the amount awarded to her lawyer was too little and the amount awarded to the lawyer for Appellees was too great. The record does not reflect that the court abused its discretion and we will not reverse or modify its order concerning the attorney fees. *Burk v. City of Oklahoma City,* 598 P.2d 659 (Okl.1979).

An accounting is the personal representative's statement under oath of the

amount of money received and spent. The executor has a statutory right to a commission on the whole estate accounted, excluding property not ranked as assets. *In re Brown's Estate*, 653 P.2d 928 (Okl.1982). The record contains a court order confirming the sale of personal property in the amount of $15,562.73. The record shows the probate homestead as being appraised, but not accounted. The personal representative fee must be at least that mandated by 58 O.S.1991 § 527, which in this case will be the statutory formula applied to $15,562.73. The court applied the correct formula to the correct amount. Furthermore, there is no showing that the court abused its discretion in denying further allowance based on extraordinary service.

Lastly, Appellant asserts the court erred because it failed to distribute her statutory share of real and personal property to her. This issue is closely related to the alleged errors of confusing the character of homestead personal property and exempt personal property with estate property responsible for estate expenses. Appellant argues that the jointly acquired property also had the characteristic of § 311 and § 312 homestead personal property and exempt property and is not chargeable with debt payment of the estate except for § 312 property which can be charged with payment for funeral expenses and costs of administration. The record is insufficient to support a position that the court erred as a matter of fact or law.

The judgment of the trial court is affirmed in part, reversed in part and the matter is remanded with directions to determine what personal property of the estate is homestead or exempt and then to vest title and ownership of that personal property in Appellant.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

HANSEN, C.J., and BAILEY, P.J., concur.