1998 OK CIV APP 145

**In the Matter of the ESTATE OF Eithel M. WATSON, Deceased,**

**Ray E. WATSON, Appellant,**

v.

**Irene Fay ESTLE, Personal Representative of the Estate of Eithel M. Watson, Deceased, Appellee.**

**No. 90014.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 9, 1998.

J. David Ezzell, Brian N. Lovell, Enid, for Appellant.

Bryan L. Billings, Woodward, for Appellee.

## OPINION

HANSEN, Judge.

¶ 1 On September 6, 1979, Appellant Ray Watson borrowed $31,000 from his parents, Wilbur and Eithel Watson. The loan was secured by a mortgage on certain real property in Woodward County, Oklahoma. Soon

thereafter Ray and his wife executed a second mortgage on the property in favor of American National Bank. In January of 1988, Bank filed an action to foreclose the mortgage joining as additional party defendants, Wilbur and Eithel Watson.

¶2 In February of 1988, Ray and his wife filed for Chapter 7 bankruptcy relief. Included as creditors were Bank and Wilbur and Eithel Watson. Ray and his wife were granted a discharge in June of 1988. Prior to discharge, Bank obtained an order lifting the bankruptcy stay and abandoning the property. This allowed the foreclosure action to proceed. On October 17, 1988, Wilber and Eithel Watson filed a crossclaim in the foreclosure action to foreclosure their first mortgage on the real estate. On December 21, 1988, the trial court entered judgment in favor of the Watsons, foreclosing their mortgage and finding it to be a first lien upon the property. The property was sold at a sheriff's sale to the Watsons for $5,000.00 and confirmed by the court. Neither Bank nor the Watsons filed an action for a deficiency judgment.

¶3 Mr. Watson died in 1994. Mrs. Watson died April 1, 1996. Mrs. Watson's will provided:

> ¶4 In the event my said husband should depart this life before me, or should my husband and I depart this life in a common disaster, then, and in that event, I give, devise and bequeath all of the real and personal property of which I may die, seized and possessed to our said children in equal shares; *provided, that if any of my said children are indebted to me at the time of my death and do not pay such debt before my estate is closed, I direct that the share of such child be distributed to him or her subject to payment of a sum equal to one-fifth of said debt to each of my other children.* (emphasis supplied)

¶5 The trial court admitted the will to probate and appointed Appellee, Irene Fay Estle, as personal representative. Ms. Estle petitioned for distribution of the estate claiming Ray's debt to Deceased was still due and owing and as such, his share should be reduced by that amount under the terms of the will. Ray filed objections pointing out his debt had been discharged in the bankruptcy action. Thus, he argued, he was entitled to his full share of the estate. The trial court disagreed and entered its order allowing final account and final decree finding the balance due on the promissory note to Ray and his wife in the sum of $55,770.58 [1] should be collected by the personal representative by distributing that sum to Ray as part of his share of the estate. Ray appeals to this Court.

¶6 Ray argues on appeal the discharge in bankruptcy of the indebtedness to his parents precludes the offset allowed by the trial court. He emphasizes his parents did not seek a deficiency judgment after sale of the property; thus they waived the provision in the will. We do not agree.

■ ¶7 A bankruptcy discharge does not extinguish the discharged debt. It simply renders it unenforceable. *Haddock v. First National Bank and Trust Company,* 1956 OK 297, 304 P.2d 1053. This approach has been taken by the bankruptcy court in *In re Berry,* 85 B.R. 367 (U.S.B.Ct.W.D.Pa.1988), and *In re Lott,* 79 B.R. 869 (Bkrtcy.W.D.Mo. 1987). The *Berry* court stated a discharge is not a payment or extinguishment of the debt itself. It simply bars future legal proceedings to enforce the discharged debt against the bankrupts.

¶8 In *Smith v. Citizens National Bank in Okmulgee,* 1957 OK 153, 313 P.2d 505, a probate case, the deceased died with an estate partially consisting of a note executed by her son for $7,000. Notwithstanding the statue of limitations had run on any action to enforce the note, the Supreme Court held the note was part of the estate and set off that son's portion of the estate against the amount still owed on the note. In its syllabus, the court stated:

> The probate court having jurisdiction to make settlement and distribution of a decedent's estate may determine the share of each distributee, and, to that end, can inquire into and determine the indebtedness

---

1. On appeal, Ray does not dispute this amount.

of the distributee to the estate, and order a deduction of the same from his share. *A deduction of such debt should be made although an action to recover the same might be barred by the Statute of Limitation.* (emphasis supplied)

■ ¶ 9 Similarly, the probate court in this case may determine the indebtedness of a distributee and order a deduction of the debt from his share even though an action to recover the debt might be barred by a discharge in bankruptcy.

■ ¶ 10 Ray's argument the debt was deemed to be fully satisfied pursuant to 12 O.S.1991 § 686, because the Watsons did not seek a deficiency judgment against him in face of the bankruptcy discharge, must fail. The bankruptcy court order declared the real estate abandoned and allowed Bank to proceed against the realty. It did not lift the automatic stay so as to allow motions for deficiency judgments. Thus § 686 does not apply to these facts. *See, Don Huddleston Construction v. United Bank,* 1996 OK APP 133, 933 P.2d 944.

■ ¶ 11 Ray's argument that such a "setoff" violates the bankruptcy provision disallowing setoffs also fails. Title 11 U.S.C. § 524(a)(2) provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." However, § 553(a) states: "... this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this Title against a claim of such creditor against the debtor that arose before the commencement of the case." In *Lott,* the bankruptcy court allowed the probate estate of a Chapter 7 debtor to set off the debtor's obligation to the estate against his interest in that estate under § 553(a) even in face of the automatic stay. In *De Laurentiis Entertainment Group Inc.; Carolco Television Inc., v. National Broadcasting Co.,* 963 F.2d 1269 (9th Cir.1992), the Court discussed the possible conflict between § 524(a)(2) and § 553. Although not dealing with a probate claim, that Court recog-

nized the majority of other decisions hold § 524(a)(2) must be subordinate to § 553. Based in part on the reasoning of these cases, that Court held § 553 must control in the majority of cases. It stated § 553 allows setoffs in bankruptcy to the same extent they are allowed under state law.

¶ 12 Oklahoma law clearly allows such setoffs. However, here the trial court did not treat Ray's debt as a setoff to his share of the estate. Rather the court ordered that the balance due on his note should be distributed to Ray "as part of his share of the cash portion of the estate." Even if this distribution is considered as a "setoff", the Oklahoma Supreme Court has held unpaid debts owed by an heir may be set off against that heir's share of the estate even absent a provision in the will to that effect. In *In re Dorris' Estate,* 1956 OK 15, 292 P.2d 399, the Court held the fact the testator required the complaining heir to execute the notes and mortgages, and retained them, is evidence tending to show it was the testator's intent that the debts be charged against that heir's distributive share of the estate.

■ ¶ 13 The injunction granted in § 524(a)(2) does not prevent application of the equitable right of retainer described in *In re Dorris Estate.* A testator is free to fashion bequests based upon previous gifts or loans, and is free to reduce bequests in the amount of such loans, whether they are enforceable, or unenforceable via discharge in bankruptcy or barred by limitations.

¶ 14 Because of the specific provision in the will, this case presents an even stronger argument Deceased's intent was that Ray's debt should be satisfied from his share of the estate. We do not believe Deceased intended the bankruptcy discharge to wipe out that provision in the will.

■ ¶ 15 Under Oklahoma law a will is to be construed to effectuate the intention of the testator. *See,* 84 O.S.1991 §§ 151, 152, 158. Clearly, Deceased intended Ray's unpaid debt to be set-off against his share of her estate.

■ ¶ 16 The probate of a decedent's estate is a matter of equitable cognizance.

On review, we will thoroughly review the record and weigh the evidence. We will not reverse or modify the trial court's judgment, however, unless the record shows it is clearly against the weight of the evidence or contrary to law or well-established principles of equity. *Estate of Heimbach, Matter of,* 1993 OK CIV APP 16, 847 P.2d 824. We have examined the record and think the trial court reached an equitable and just conclusion as to the interest of the various parties and the intent of Deceased. The judgment is not clearly against the weight of the evidence and is therefore affirmed. *In re Dorris' Estate, supra,* at 402.

AFFIRMED.

ADAMS, J., and BUETTNER, P.J., concur.